COMMONWEALTH of Pennsylvania,
Appellant

v.

Gary DUKEMAN.

Superior Court of Pennsylvania.

Submitted March 16, 2006.
Filed Feb. 6, 2007.

Douglas J. Waltman, Asst. Dist. Atty., Reading, for Com., appellant.

Lawrence J. Hracho, Reading, for appellee.

BEFORE: STEVENS, McCAFFERY, and PANELLA, JJ.

OPINION BY PANELLA, J.:

¶ 1 The Commonwealth appeals from the order entered on April 25, 2005, in the Court of Common Pleas of Berks County, which granted the motion to suppress evidence of Appellee, Gary Dukeman. After careful review, we reverse.

¶ 2 On February 13, 2004, police officers from Berks County executed a search warrant for the premises located at Box 76 Pheasant Drive, in Bernville, Upper Bern Township, Berks County, Pennsylvania. The search warrant authorized the officers to search the residence for, among other things, controlled substances and evidence of drug dealings. *See* Application for Search Warrant and Authorization, 02/12/04. Upon execution of the search warrant, various items were seized from the residence including, cocaine, marijuana, and drug paraphernalia.

¶ 3 Dukeman was subsequently charged with two counts of possession of a controlled substance,[1] two counts of possession with intent to deliver ("PWID"),[2] and one count of possession of drug paraphernalia.[3] Thereafter on July 21, 2004, Dukeman filed an omnibus pretrial motion seeking to suppress the evidence seized from the search of the residence. On December 3, 2004, the suppression court held a hearing on Dukeman's motion, after which, on April 25, 2005, the suppression court granted Dukeman's omnibus pretrial motion. In its opinion granting Dukeman's motion, the suppression court found that, "[t]he search warrant did not set forth sufficient information within its four corners to establish that probable cause existed to search the residence at that time." Suppression Court Opinion, 08/17/05, at 13. Specifically, the suppression court determined that:

The only incriminating information available at the time of the search was unsubstantiated and provided by a confidential informant who had not provided information in the past that implicated anyone. There was no independent corroboration of the information provided by the informant, other than of information easily accessible to anyone who knew [Dukeman]. In other words, there is a blanket assertion by the police officer as to the informant's reliability with no objective facts lending credibility to the assertion.

*Id.* This timely appeal followed.

¶ 4 On appeal, the Commonwealth presents one issue for our review:

WHETHER THE LOWER COURT ERRED IN GRANTING [DUKEMAN'S] SUPPRESSION MOTION WHERE THE SEARCH WARRANT AT ISSUE SET FORTH SUFFICIENT INFORMATION WITHIN ITS FOUR CORNERS TO PROVIDE THE

1. 35 Pa.Stat. § 780–113(a)(16).

2. 35 Pa.Stat. § 780–113(a)(30).

3. 35 Pa.Stat. § 780–113(a)(32).

MAGISTRATE WITH A SUBSTANTIAL BASIS FOR CONCLUDING THAT PROBABLE CAUSE EXISTED?

Appellant's Brief, at 4.

¶ 5 The central inquiry of the Commonwealth's appeal focuses on whether probable cause existed in the affidavit of probable cause as set forth by the affiant, Detective Walter A. Weniger, Jr. The affidavit provides in pertinent part as follows:

> During the month of July 2003, the affiant [Detective Weniger] received information from a confidential informant, who for the purpose of this affidavit will be referred to as C.I. # 1. C.I. # 1 has provided the affiant with information in the past and has proved this information to be true and reliable. C.I. # 1 has given information to the affiant that lead [sic] to the arrest and conviction of 1 individual in Berks County for drug violations. However, C.I. # 1 gave other police agencies information that also lead [sic] to the arrest and conviction of at least 3 individuals for drug violations. C.I. # 1 related to the affiant that a white male known as "DUKE" was selling cocaine from his residence. DUKE lives in a farmhouse on Pheasant Drive outside of Bernville, Pa. C.I. # 1 further related that they have been inside DUKE'S residence on at least 4 occasions within the past 3 months and had observed DUKE. This residence was known to the affiant as the residence of Gary D. DUKEMAN. The affiant was aware of this location, due to the fact that several years ago intelligence information was received that DUKEMAN was involved with drugs, namely cocaine. Gary D. DUKEMAN, W/M/50, DOB— 03/31/1953, SS # 185–386606, was arrested in 1973 by the Drug Enforcement Administration for Possession with the Intent to Distribute Controlled Substances. DUKEMAN was found guilty of this charge. A check with the Pennsylvania Bureau of Motor Vehicles shows that DUKEMAN has a valid Pa. License and lists his address as Box 76, Pheasant Drive, Bernville, Pa. 19506.
>
> During the early part of January 2004, the affiant received information from another confidential information, who for the purpose of this affidavit will be referred to as C.I. # 2. C.I. # 2 related that Gary D. DUKEMAN, aka "DUKE" was selling cocaine and that DUKEMAN lives on Pheasant Drive. C.I. # 2 has been inside the DUKEMAN residence on at least 4 occasions within the last 6 months and has observed drugs, namely cocaine and marijuana. DUKEMAN supplies cocaine to a lot of individuals who frequent the Blue Marsh Canteen. C.I. # 2 has supplied the affiant with information and has proved this information to be true and reliable. C.I. # 2 gave the affiant drug information that was confirmed by on going drug investigations being conducted by the Berks County Detectives. C.I. # 2 has also made 2 controlled purchases for the Berks County Detectives. These purchases were made from different individuals, and their investigations are still being conducted. The affiant believes that all information provided by C.I. # 2 is true and correct.
>
> On 01/08/04, the affiant and Det. Camilla KARNS conducted surveillance of the DUKEMAN residence. Officers observed a white GMC bearing Pa. Reg. # FDG8797, issued to Shirley M. KONDRATH, at 151 Tobias Road, Bernville, Pa., exit the residence. Steven S. KONDRATH, W/M/49, is the husband of Shirley. Stephen has an extensive criminal record.

On 01/16/04, the affiant and Det. Melissa HADFIELD conducted surveillance of the DUKEMAN residence. Officers observed a lite [sic] blue Chev. Van bearing Pa. Reg. # YJG1485, issued to Kery W. SCANLAN, 798 Bloody Springs Rd., Bethel, Pa., arrive at the DUKEMAN residence. A short time later, the van left the residence.

Between 01/23/04 and 01/25/04, C.I. # 2 was present inside the DUKEMAN residence and observed cocaine and marijuana. C.I. # 2 also stated that they observed the subject DUKEMAN sell to other individuals inside the residence. DUKEMAN keeps his cocaine on the second floor of the residence.

Between 01/30/04 and 02/01/04, C.I. # 2 was again present inside the DUKE-MAN residence and observed cocaine. Again, C.I. # 2 observed DUKEMAN sell cocaine to an unknown individual. On 01/30/04, the affiant and Det. Trevor RITTER conducted surveillance of the DUKEMAN residence. Officers observed a blue & silver GMC Pick-up Truck bearing Pa. Reg. # YLF7215, issued to Todd A D CHESTNUT, 403 Florence Ave, Hamburg, Pa., arrive at the DUKEMAN residence. A short time later, the truck left the residence. Between 02/10/04 and 02/12/04, C.I. # 2 had a direct conversation with the subject DUKEMAN. During this conversation DUKEMAN related that he was holding both quantities of cocaine and marijuana, and that he would sell either substance.

Affidavit of Probable Cause, 02/12/04.

■ ¶ 6 When the Commonwealth appeals from a suppression order, we follow a clearly defined standard of review. The suppression court's findings of fact bind an appellate court if the record supports those findings. The suppression court's conclusions of law, however, are not binding on an appellate court, whose duty is to determine if the suppression court properly applied the law to the facts. *Commonwealth v. Boulware*, 876 A.2d 440, 442 (Pa.Super.2005).

■ ¶ 7 In *Commonwealth v. Gray*, 509 Pa. 476, 503 A.2d 921 (1985), our Supreme Court adopted the "totality of the circumstances" standard, announced in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), for evaluating whether probable cause exists for the issuance of a search warrant based upon information received from a confidential informant. In *Gray*, our Supreme Court stated:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for ... conclud[ing] that probable cause existed.'

*Gray*, 509 Pa. at 484, 503 A.2d at 925 (quoting *Gates*, 462 U.S. at 238–239, 103 S.Ct. 2317). This determination must be based on facts described within the four corners of the supporting affidavit. *Commonwealth v. Smith*, 784 A.2d 182, 184 (Pa.Super.2001). Furthermore, we stress that probable cause exists where there is a probability of criminal activity, not a prima facie showing of such activity. *See Commonwealth v. Luton*, 448 Pa.Super. 608, 672 A.2d 819, 822 (1996).

■ ¶ 8 When information essential to a finding of probable cause is garnered from the use of confidential informants,

the issuing authority determines the reliability of the informant's information from the facts supplied by the police official. *See Commonwealth v. Gindlesperger*, 706 A.2d 1216, 1225 (Pa.Super.1997), *affirmed*, 560 Pa. 222, 743 A.2d 898 (1999), *cert. denied*, 533 U.S. 915, 121 S.Ct. 2519, 150 L.Ed.2d 692 (2001). The determination of reliability does not hinge on disclosed records "regarding the track record of the informant." Furthermore, the affidavit need not "contain the names, dates, or other information concerning prior arrests or convictions." *Id.*, at 1226. The affidavit must, however, at the very least, contain an averment stating the "customary" phrase that the informant has provided information which " 'has in the past resulted in' arrests or convictions." *Id.*

■ ¶ 9 In the instant case, the suppression court determined that insufficient probable cause existed to support the search warrant because the "only incriminating information available at the time of the search was unsubstantiated and provided by a confidential informant who had not provided information in the past that implicated anyone." Suppression Court Opinion, 08/17/05, at 13. We disagree.

¶ 10 In *Commonwealth v. Ruey*, 586 Pa. 230, 892 A.2d 802 (2006), our Supreme Court held that where, as here, an affidavit supporting the issuance of a search warrant lacked a reference to the credibility of the informants or the reliability of the information provided, such a violation did not assume constitutional dimensions or result in substantial prejudice to the defendant warranting suppression of evidence where the affidavit provides probable cause to support the warrant independent of the questionable source. *Id.*, 586 Pa. at 245–46, 892 A.2d at 811. Moreover, this Court has previously held that

> [w]hen two **independent** informants both supply the same information about

a particular crime to the police, each source tends inherently to bolster the reliability of the other. Although the information supplied by one questionable source may be insufficient, the probability is extremely small that a second independent source would supply identical information if it were not probably accurate. Such corroboration by independent sources produces the necessary reliability to establish probable cause. *Commonwealth v. Singleton*, 412 Pa.Super. 550, 603 A.2d 1072, 1074–75 (1992).

¶ 11 Based on the foregoing, the instant affidavit clearly provided adequate probable cause to support the search warrant. Both informants provided independent confirmation of the presence and sale of drugs from the location at issue, as well as specific familiarity with Dukeman and the locations of the drugs. Therefore, pursuant to *Singleton*, any question of C.I. # 2's reliability is resolved by the corroboration of C.I. # 1's statement, whose veracity is not instantly challenged. Additionally, further independent corroboration was supplied by the Berks County Police Department's surveillance of Dukeman's residence which confirmed vehicle traffic consistent with drug trafficking. Based on the totality of the circumstances, the four corners of the supporting affidavit clearly provided sufficient probable cause to issue the search warrant of Dukeman's residence. Accordingly, we find that the suppression court erred when it granted Dukeman's motion to suppress evidence.

¶ 12 Order reversed and remanded for further proceedings consistent with this opinion. Jurisdiction relinquished.