J. A19007/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
DEBRA SEGAL, : No. 420 EDA 2015
:
Appellant :


Appeal from the Judgment of Sentence, January 5, 2015,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0015667-2013


BEFORE: FORD ELLIOTT, P.J.E., OTT AND FITZGERALD,* JJ.


MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED OCTOBER 12, 2016**

Debra Segal appeals from the judgment of sentence entered on January 5, 2015 in the Court of Common Pleas of Philadelphia County following her conviction in a waiver trial of possession with intent to deliver.[1] The trial court sentenced appellant to 12 months' probation. We affirm.

The trial court set forth the following:

>        According to Commonwealth of Pennsylvania Search Warrant and Affidavit #175831 for 2413 Amber Street:
>
>        On June 25, 2013, Police Officer Thomas Kuhn set up surveillance outside 2413 Amber Street, in Philadelphia, PA, based on information Police Officer Thomas Tolstoy gave him earlier that month. Officer Tolstoy informed Officer Kuhn that a white

---

* Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(16).

woman named Debbie McCloskey was selling pills and methamphetamine, and had two loaded weapons inside 2413 Amber Street. During this surveillance, Officer Kuhn spoke with a concerned citizen on the block who informed him that a woman named Linda also was selling pills from 2413 Amber Street. According to the concerned citizen, this activity typically took place between 8 [p.m.] and 2 [a.m.] because "Linda" was under the impression that the police could not serve warrants at night.

On July 31, 2013, Officer Kuhn, along with Officers Gina Jackson and Charles Kapusniak, set up surveillance on 2413 Amber Street. Around 7:45 [p.m.], a silver Honda Accord pulled up in front of the house. The passenger, later identified as Alexander Velez, exited the car, knocked on the door of 2413 Amber [Street], and went inside where he remained for two minutes. Mr. Velez then left 2413 Amber [Street], returned to the car, and showed the driver items in his hand. The driver handed Mr. Velez a white napkin and placed the items inside the napkin. The car drove off, and the officers followed, stopping the car less than a mile away at the intersection of Kensington and Lehigh [Avenues]. The officers recovered one napkin containing 50 Xanax pills and placed Mr. Velez and the driver under arrest.

Commonwealth of Pennsylvania Search Warrant and Affidavit #175831 listed the following items to be searched for and seized:

"(Xanax), pills or any substance classified as a controlled substance under the Pa.controlled [sic] substance act of 1972. Any paraphernalia used for packingof [sic] said items for sale or distribution. Any fruits of the crime[,] including USC, weapons, proof of ownership, hidden compartments or safes."

At 11:00 [p.m.] on July 31, 2013, officers executed Search Warrant #175831 on 2413 Amber [Street] and recovered a bottle of Xanax from Ms. Segal's person and $149 from her purse.

Trial court opinion, 7/1/15 at 1-2.

The record reflects that on February 4, 2015, appellant filed her notice of appeal to this court. Appellant complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal and also filed a motion for extension of time to file a supplemental Rule 1925(b) statement following receipt of the notes of testimony. The trial court granted the motion, and appellant thereafter filed her supplemental Rule 1925(b) statement. The trial court filed its Rule 1925(a) opinion on July 1, 2015, followed by a supplemental Rule 1925(a) opinion on December 14, 2015.

Appellant raises the following issue for our review:

> Did not the suppression court err in denying appellant's motion to suppress physical evidence where the police executed a search warrant that lacked probable cause because it failed to demonstrate a reasonable likelihood that evidence of criminal activity would be found at the property described therein, as it contained uncorroborated allegations from anonymous sources that persons named Debbie McCloskey and/or "Linda" were selling drugs inside the property, and lacked any information regarding the cited sources' reliability or their bases of knowledge for the allegations contained therein?

Appellant's brief at 4.

> Our standard of review of a denial of suppression is whether the record supports the trial court's factual findings and whether the legal conclusions drawn therefrom are free from error. Our scope of review is limited; we may consider only the evidence of the

prosecution and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the findings of the suppression court, we are bound by those facts and may reverse only if the court erred in reaching its legal conclusions based upon the facts.

*Commonwealth v. Galendez*, 27 A.3d 1042, 1045 (Pa.Super. 2011) (*en banc*) (citation omitted).

"The Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution protect individuals from unreasonable searches and seizures, thereby ensuring the 'right of each individual to be let alone.'" *Commonwealth v. By*, 812 A.2d 1250, 1254 (Pa.Super. 2002) (citations omitted). Under both federal and state constitutions, search warrants must be supported by probable cause. *Commonwealth v. Hoppert*, 39 A.3d 358, 361-362 (Pa.Super. 2012), *appeal denied*, 57 A.3d 68 (Pa. 2012). Pennsylvania Rule of Criminal Procedure 203 addresses the requirements for the issuance of a search warrant and provides that "[n]o search warrant shall issue but upon probable cause supported by one or more affidavits sworn to before the issuing authority in person or using advanced communication technology" and that "[t]he issuing authority, in determining whether probable cause has been established, may not consider any evidence outside the affidavits." Pa.R.Crim.P. 203(B).

In [Pennsylvania], the question of whether probable cause exists for the issuance of a search warrant

> must be answered according to the totality of the circumstances test articulated in **Commonwealth v. Gray**, 503 A.2d 921 (1985), and its Pennsylvania progeny, which incorporates the reasoning of the United States Supreme Court in **Illinois v. Gates**, 462 U.S. 213 (1983). The task of the magistrate acting as the issuing authority is to make a practical, common sense assessment of whether, given all the circumstances set forth in the affidavit, a fair probability exists that contraband or evidence of a crime will be found in a particular place. A search warrant is defective if the issuing authority has not been supplied with the necessary information. The chronology established by the affidavit of probable cause must be evaluated according to a common sense determination.

**Commonwealth v. Arthur**, 62 A.3d 424, 432 (Pa.Super. 2013) (internal citations, quotation marks, and parallel citations omitted), quoting **Commonwealth v. Huntington**, 924 A.2d 1252 (Pa.Super. 2007).

Because reasonable minds can differ as to whether a particular affidavit establishes probable cause, the preference for warrants is most appropriately effectuated by according the magistrate's determination great deference. **Commonwealth v. Jones**, 988 A.2d 649, 656 (Pa. 2010) (citation omitted). "A grudging or negative attitude by reviewing courts towards warrants . . . is inconsistent with the Fourth Amendment's strong preference for searches conducted pursuant to a warrant; courts should not invalidate warrants by interpreting affidavits in a hypertechnical, rather than a commonsense, manner." **Id.** at 655-656 (citation omitted). "Further, a reviewing court is not to conduct a **de novo** review of the issuing authority's probable cause determination . . . ." **Id.** at 655 (citation omitted). The

proper inquiry is whether record evidence substantially supports the decision to issue the warrant. *Id.* Moreover, the determination must be based on the facts described within the four corners of the supporting affidavit. *Commonwealth v. Dukeman*, 917 A.2d 338, 341 (Pa.Super. 2007) (citation omitted). Finally, a finding of probable cause is based on a finding of probability of criminality, not a *prima facie* showing. *Arthur*, 62 A.3d at 432.

Here, appellant contends that the affidavit failed to establish probable cause because it contained:

> (1) an officer's bare assertion that drugs were being sold out of the residence, unaccompanied by any basis for that information, (2) a vague and nondescriptive statement by a "concerned citizen" that someone named "Linda" was selling drugs out of the house, when surveillance on that day provided absolutely no corroboration of any criminal activity at all, (3) followed by the recovery of pills after seeing one single individual in the span of two months entering the property for two minutes with no observance of any drug sales or any females.

Appellant's brief at 25. We disagree.

The affidavit provided that the affiant received information from a fellow police officer that drugs were being sold out of the residence. The veracity of the source of that information was corroborated by the concerned citizen who told the affiant that drugs were being sold out of the house. Although appellant attempts to challenge the reliability of the concerned citizen, our supreme court has "repeatedly rejected the argument that an

officer who relies on statements from an ordinary citizen, as opposed to a police informant, must establish the citizen's credibility and reliability." *Commonwealth v. Lyons*, 79 A.3d 1053, 1064-1065 (Pa. 2013). Additionally, the information provided by the affiant's police colleague and the information provided by the concerned citizen were then corroborated by independent police investigation. Specifically, the affiant, an experienced police officer, having worked in the narcotics division since 2000 and having participated in over 1,000 narcotics arrests, observed a car pull up to the residence. The affiant then observed an individual get out of the car, go into the residence for about two minutes, exit the residence, get back into the car, and dump items that were in his hand into a white napkin before the driver of the car pulled away. After the affiant and two other officers pulled the vehicle over, they found a white napkin containing 50 Xanax pills inside the car.

Therefore, based on the totality of the averments contained within the four corners of the affidavit and interpreted in a common-sense manner, a fair probability existed that law enforcement would find evidence of drug sales inside the residence. Because the record demonstrates that the magistrate had a substantial basis to conclude that probable cause existed to search the residence, we find that the trial court did not abuse its discretion when it denied appellant's suppression motion.

Judgment of sentence affirmed.

J. A19007/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/12/2016