J-S80042-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| JAMES JOHN LARNERD, JR. | |
| Appellant | No. 547 MDA 2016 |

Appeal from the Judgment of Sentence February 25, 2015
in the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000943-2014

BEFORE:  LAZARUS, J., STABILE, J., and RANSOM, J.

MEMORANDUM BY RANSOM, J.:                **FILED JANUARY 10, 2017**

Appellant, James John Larnerd, Jr., appeals from the February 25, 2015 judgment of sentence of two and one-half to twenty years of incarceration.  We reverse.

Appellant was arrested and charged with possession with intent to deliver (PWID) crack cocaine, PWID marijuana, two counts of criminal attempt to possess drugs with intent to deliver, possession of crack cocaine, possession of marijuana, possession of drug paraphernalia, and persons not to possess a firearm.[1]

---

[1] 35 P.S. § 780-113(a)(30), 18 Pa.C.S. § 901(a), 35 P.S. § 780-113(a)(16), 35 P.S. § 780-113(a)(32), and 18 Pa.C.S. § 6105(a)(1), respectively.

On October 22, 2014, Appellant argued a suppression motion, alleging that he had been illegally arrested and that the search and seizure of his person and residence was thus illegal.

At the suppression hearing, Detective Ryan Mong testified that on March 19, 2014, during the course of a drug task force investigation, he had a confidential informant (CI) arrange a drug transaction at a laundromat located at 5th and Guilford Streets in Lebanon City with a man nicknamed "Homer." *See* Notes of Testimony (N. T.), 10/22/14, at 4-6.[2] Police observed Appellant enter and exit his home and walk towards the designated meeting place. *Id.* at 7-8. The CI, who was with the police and not inside the laundromat, identified Appellant as "Homer." *Id.* at 7-8. Prior to Appellant's reaching the laundromat, police arrested him. *Id.* Appellant was searched incident to arrest and police recovered marijuana, crack cocaine, and two cell phones, including the phone used to arrange the transaction. *Id.*

Detective Mong went to Appellant's residence and knocked on the door; another individual gave consent for him to enter the residence. *Id.* at 20. At the time consent was given, Appellant was no longer present. *Id.* at

---

[2] Police were aware Appellant used the nickname "Homer" and had prior convictions for drug offenses. N. T. at 6. Other officers assisting in the detail were aware that "Homer" was Appellant's alias. *Id.* However, this establishes only that Appellant was a known drug dealer. *See*, *e.g.*, *Commonwealth v. Gray*, 503 A.2d 921 (Pa. 1985).

19-20. Police secured Appellant's residence and waited approximately one and one-half hours while obtaining a search warrant. N. T. at 7-8.

Appellant argued that no crime had been committed at the time he was arrested, that the police lacked probable cause, and that the arrest was illegal. *Id.* at 17. Appellant also argued he had not given consent to search the property but presented no testimony to this effect. *Id.* Following testimony and argument, the trial court denied Appellant's suppression motion.

On January 6, 2015, the case proceeded to a jury trial. Appellant was found guilty of two counts of PWID, one count of criminal attempt – PWID, two counts of possession of a controlled substance, and one count of possession of drug paraphernalia. Appellant was acquitted of criminal attempt to deliver crack cocaine and persons not to possess firearms. On February 25, 2015, Appellant was sentenced to an aggregate term of two and one-half to twenty years of incarceration.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. On May 22, 2015, the trial court issued a responsive opinion. However, on October 13, 2015, this Court dismissed Appellant's appeal for failure to file a brief. *See Commonwealth v. Larnerd*, 602 MDA 2015, Order, 10/13/15, at 1.

On February 4, 2016, Appellant *pro se* filed a petition for relief under the Post Conviction Relief Act (PCRA); as a result, the trial court reinstated Appellant's direct appeal rights *nunc pro tunc*. Appellant timely filed an

appeal and court-ordered Pa.R.A.P. 1925(b) statement. The trial court did not issue a responsive opinion but adopted its May 22, 2015 opinion.

On appeal, Appellant raises two issues:

1. Whether [Appellant] was denied his constitutionally-guaranteed right to due process when the trial court abused its discretion by allowing evidence that was derived by an illegal search and seizure to be used at the trial?

2. Whether [Appellant] was denied his constitutionally-guaranteed right to due process when the sentencing court imposed a sentence upon him that was in excess of the maximum penalty prescribed by law?

Appellant's Brief at 6 (unnecessary capitalization omitted).

First, Appellant claims that the trial court erred in denying his motion to suppress. He argues that no probable cause existed to show that Appellant had been part of any criminal activity. Appellant also argues that he did not give consent to police to search his residence and that any consent given was illegally obtained. Appellant's Brief at 18-24.

With regard to a motion to suppress,

Our standard of review in addressing a challenge to a trial court's denial of a suppression motion is whether the factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. ... [W]e must consider only the evidence of the prosecution and so much of the evidence of the defense as remains uncontradicted when read in the context of the record as a whole. Those properly supported facts are binding upon us and we may reverse only if the legal conclusions drawn therefrom are in error.

***Commonwealth v. Dixon***, 997 A.2d 368, 372 (Pa. Super. 2010) (internal citations and quotations omitted).

- 4 -

Appellant was subjected to a warrantless arrest, which must be supported by probable cause. *See Commonwealth v. Collins*, 950 A.2d 1041, 1046 (Pa. Super. 2008). Probable cause may be made out when the facts and circumstances "which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a man of reasonable caution in the belief that the suspect has committed or is committing a crime." *Commonwealth v. Thompson*, 985 A.2d 928, 931 (Pa. 2009). We apply a totality of the circumstances test in determining whether probable cause exists. *Id.* Further, if probable cause exists, police may search a person without a warrant. *See Commonwealth v. Trenge*, 451 A.2d 701, 704 (Pa. Super. 1982).

Information received from confidential informants may form the basis of a probable cause determination. *Commonwealth v. Luv*, 735 A.2d 87, 90 (Pa. 1999). The determination depends upon the informant's reliability and the basis of knowledge viewed in a common sense, non-technical manner. *Id.* In the context of a search warrant, the affidavit must at the very least contain an averment stating the "customary" phrase that the informant has provided information which " 'has in the past resulted in' arrests or convictions." *Commonwealth v. Dukeman*, 917 A.2d 338, 342 (Pa. Super. 2007). Such a tip may constitute probable cause where police independently corroborate the tip, the informant has provided accurate information of criminal activity in the past, or where the informant himself

participated in the criminal activity.  *Id.*  Another indication of reliability is whether the informant's statement was against interest.  *See Commonwealth v. Gindlesperger*, 706 A.2d 1216, 1225 (Pa. Super. 1997).

In the instant case, the information provided by the confidential informant was not of sufficient reliability to form the sole basis for the arrest.  The basis for the arrest was an interaction arranged by a confidential informant whose identity was not disclosed.  Detective Mong stated the confidential informant had made "other arrangements with individuals to purchase controlled substances" that same day, but did not state how many individuals, what controlled substances were recovered, or whether any of those arrangements had resulted in convictions.  The confidential informant set up the arrangement to deliver drugs with "Homer," and other unnamed officers confirmed that Appellant's nickname was "Homer."

Both Detective Mong and the suppression court relied heavily upon the fact that Appellant had a previous conviction for PWID, but this is not relevant to the instant matter.  The Pennsylvania Supreme Court has held that mere presence upon the scene, coupled with knowledge of a prior conviction, is insufficient to establish probable cause.  *Commonwealth v. Goslee*, 234 A.2d 849, 851 (Pa. 1967).  In the instant case, although the CI had set up a transaction with "Homer," Appellant's actions as described in the suppression hearing were merely entering his home and walking down

the street. We conclude that, based on the above, the information provided by the CI was insufficient.

Further, police arrested Appellant prior to his committing the necessary substantial step toward the delivery of narcotics. Under the Crimes Code, "[a] person commits an attempt when with intent to commit a specific crime, he does any act which constitutes a substantial step towards the commission of the crime." 18 Pa.C.S.A. § 901(a). The substantial step factor puts emphasis on "what the defendant has done" and not on "the acts remaining to be done before the actual commission of the crime. *Commonwealth v. Zingarelli*, 839 A.2d 1064, 1069 (Pa. Super. 2003).

Again, in the instant case, Appellant had not made a substantial step towards the commission of the crime at the moment police arrested him. He was walking down the street, and his direction was speculative. He had not yet reached the assigned meeting place, and based upon the officer's testimony, the CI was not even at the meeting place. As the police moved too quickly to arrest Appellant, there was insufficient probable cause to believe that Appellant was committing a crime. *See Thompson*, 985 A.2d at 931.

Thus, we conclude that the arrest of Appellant was unlawful. Since the arrest was unlawful, any evidence seized as a result must be suppressed. *See Commonwealth v. Brown*, 700 A.2d 1310, 1318 (Pa. Super. 1997) (noting that the fruit of the poisonous tree doctrine excludes evidence obtained from or acquired as a consequence of unlawful official acts).

Therefore, we reverse the decision of the suppression court denying Appellant's motion, vacate Appellant's sentence, and remand for further proceedings.

As the evidence should have been suppressed, we need not reach the merits of Appellant's remaining issues.

Judgment of sentence vacated; case remanded; jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/10/2017