J-S95007-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DALTON DAVIS | |
| Appellant | No. 2040 EDA 2015 |

Appeal from the Judgment of Sentence June 23, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR0003839-2014

BEFORE:  STABILE, MOULTON, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 13, 2017**

Appellant, Dalton Davis, appeals from the June 23, 2015 judgment of sentence entered in the Court of Common Pleas of Philadelphia County ("trial court") sentencing him to two to four years' incarceration to be followed by seven years of probation for possession with intent to deliver ("PWID") and criminal use of a communication facility.[1]  Appellant challenges the trial court's denial of his omnibus pre-trial motion to suppress.  Upon review, we affirm.

The trial court described the factual history as follows.

On December 5, 2013, at approximately 11:00 a.m., Philadelphia Police Officers Bogan and Fitzgerald, set up surveillance of a residence located at 3527 Ryan Avenue in Philadelphia, Pennsylvania.  The officers were parked in separate

_____

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S.A. § 7512 respectively.

cars at the west end of the block looking eastbound towards the rear of the 3527 Ryan Avenue residence. At some point the officers observed a man walking down an alley towards 3527 Ryan Avenue. The man was talking on a cell phone as he approached the back door of the residence. Within a few minutes, [Appellant] opened the back door of 3527 Ryan Avenue and approached the man. Appellant and the man stood within close proximity to each other and engaged in a hand-to-hand exchange. Thereafter, [A]ppellant went back inside the residence and the man walked eastbound through the alley towards Frankford Avenue. Officers Bogan and Fitzgerald attempted to follow the man but were not able to locate him. The officers returned to their previous positions and continued surveillance of the residence.

At approximately 11:25 [a].m.,[2] a blue car parked in the alley near the rear door of 3527 Ryan Avenue. Within a few minutes, [A]ppellant opened the back door of 3527 Ryan Avenue and approached the car. Appellant leaned into the passenger side window and had a conversation with the driver. Thereafter, [A]ppellant went back inside the residence. Officers Bogan and Fitzgerald followed the blue car as it left the residence. The driver pulled into a parking lot on the 3500 block of Friendship Street and the officers apprehended the driver, whereupon the officers recovered one (1) clear plastic bag of marijuana and one (1) plastic bag that contained ten (10) Xanax pills. The driver also showed police her cell phone and revealed [A]ppellant's phone number from her cell phone's contact list. The driver was subsequently arrested. Officer Bogan left the area to prepare a search warrant while Officer Fitzgerald remained to continue surveillance of the 3527 Ryan Avenue residence.

At approximately 2:45 p.m., Officers Bogan and Fitzgerald, along with four (4) other police officers, executed the warrant at 3527 Ryan Avenue. Appellant was arrested and detained in the basement. The officers searched [A]ppellant and recovered from his person were three (3) unlabeled pill bottles, eight (8) dollars, and a cell phone. The pill bottles contained the following: thirty-two (32) Xanax pills, twenty (20) Oxycontin pills, and fourteen

---

[2] The trial court's opinion lists the time as 11:25 p.m.; however, the record reflects that it was 11:25 a.m. and this is a mere typographical error.

(14) Oxycodone pills.  The officers confirmed that [A]ppellant's cell phone number matched the number previously revealed to them by the driver of the blue car.

After the officers had searched [A]ppellant, a man knocked on the back door of 3527 Ryan Avenue.  Sergeant Schuck and Officer Dietz opened the door.  Appellant looked at the man in the doorway and made the following statement, "That's Tony. He brings me pills for me to sell."  The officers arrested this man and recovered a cell phone and a prescription pill bottle containing sixty (60) Xanax pills.

The officers also conducted a search of the 3527 Ryan Avenue residence itself and recovered four (4) prescription pill bottles each labeled with [A]ppellant's name.  The first pill bottle contained sixty-seven (67) Oxycodone pills; the second contained seventy-five (75) Oxycodone pills; the third contained fifty-eight (58) Clonazepam pills; and the fourth contained thirteen (13) Methadone pills.  The officers also found seven (7) empty, unlabeled pill bottles and three (3) paper prescriptions written out to [A]ppelant for Methadone, Oxycontin, and Adderall.

Trial Court Opinion, 3/8/2016, at 2-4 (citations to the record omitted).

Appellant filed a motion to suppress the physical evidence recovered from the search of 3527 Ryan Avenue.  On April 15, 2015, after a hearing on the motion, the trial court denied Appellant's motion.  After a multi-day trial, Appellant was convicted of PWID and criminal use of a communication facility on April 20, 2015.  The trial court sentenced Appellant on June 23, 2015, and Appellant filed a timely appeal on July 8, 2015.  On November 13, 2015, the trial court directed compliance with Pa.R.A.P. 1925(b), and Appellant filed his concise statement on November 27, 2015.  The trial court issued a 1925(a) opinion on March  8, 2016.

Appellant raises one question on appeal, which we quote *verbatim*.

I.     Did the trial court err when it denied [Appellant's] pre-trial motion to suppress physical evidence recovered from 3527 Ryan Avenue in Philadelphia, PA, as the items recovered from that property – *i.e.*, [Appellant's] home – were recovered during the execution of a search warrant and that search warrant and supporting affidavit do not contain on their face, and within the four corners of the documents, sufficient facts to establish probable cause necessary to search that property thus violating [Appellant's] rights under the Fourth Amendment of the U.S. Constitution and Article I, § 8 of the Pennsylvania Constitution[.]

Appellant's Brief at 4.

Appellant's sole argument is that the results of the search warrant should have been suppressed because the warrant was not supported by probable cause. Our standard of review of probable cause in a search warrant is well settled.

[the] reviewing court is not to conduct a *de novo* review of the issuing authority's probable cause determination, but is simply to determine whether or not there is substantial evidence in the record supporting the decision to issue a warrant . . . In so doing, the reviewing court must accord deference to the issuing authority's probable cause determination, and must view the information offered to establish probable cause in a common-sense, non-technical manner.

**Comonwealth v. Gagliardi**, 128 A.3d 790, 794 (Pa. Super. 2015) (quoting **Commonwealth v. Jones**, 988 A.2d 649, 655 (Pa. 2010)). Moreover, "[i]f a substantial basis exists to support the magistrate's probable cause finding, [the trial court] must uphold that finding even if a different magistrate judge might have found the affidavit insufficient to support a warrant." **Id.** at 795 (quoting **United States v. Leon**, 468 U.S. 897, 914 (1984); citing **United**

*States v. Miknevich*, 638 F.3d 178, 182 (3rd Cir. 2011) (internal citations and quotations omitted)).   Furthermore, "a magistrate's determination of probable cause 'must be based [up]on facts described within the four corners of the supporting affidavit.'" *Id.* (quoting *Commonwealth v. Dukeman*, 917 A.2d 338, 341 (Pa. Super. 2007) (citing *Commonwealth v. Smith*, 784 A.2d 182, 184 (Pa. Super. 2001))).

In the matter *sub judice* the affidavit of probable cause, which we quote here *verbatim*, contained the following information.

> On Thursday 12-5-13 P/O Bogan and Fitzgerald received a complaint from the Capt's office of the illegal sales of narcotics at 3527 Ryan Ave.  The sales were being done in the rear of this property.

> On Thursday 12-5-13 at approx. 11:10 a P/O's Fitzgerald and Bogan set up a surveillance of the rear of 3527 Ryan ave.

> At approx.. 11:15 a P/O Fitzgerald observed a W/M wearing a black hooded jacket in the rear of 3527 Ryan Ave on his cell phone.  Approx. 2 minutes later a W/M came from the rear of 3527 Ryan ave wearing a gry hooded jacket.  The W/M with the black hooded jacket hand the w/m in the gry jacket unk amount of USC and the W/m wearing the gry jacket had a hand to hand.  The W/m with the black hooded walked E/B out of the alleyway and was followed out by Fitzgerald and Bogan.  The W/M with the gry hooded jacket re entered the property.

> The officers lost this male on Frankford ave.  The officers re established a surveillance.

> At approx.. 11:25 a blue vehicle arrived with pa. tag#EJR-9998 with a W/F and after approx. 3 minutes a W/M exited the rear and approached the passenger side and reached into the vehicle.  The vehicle pulled off and the male re entered 3527 Ryan ave.

> The officers followed the vehicle to the 3500 Blk of Friendship where she parked and when approached by Bogan

and Fitzgerald who ID themselves as POLICE OFFICERS. The female who ID herself as Jennifer Cifelli turned over to Fitzgerald 1 plastic sandwich baggie cont. Marijuana, along with a cigarette wrapper cont. 10 blue pills alleged XANAX. This female was arrested and Cifelli stated that the only way to buy from Dalton was to either text or call him on his cell phone.

P/O Bogan then conducted a NIK test E and the results were positive for Marijuana and placed on PR#3129340 along with the 10 XANAX's, also confiscated was her cell phone place on PR#3129341.

P/O Fitzgerald and Sgt. Schuck are maintaining a surveillance of this property 3527 Ryan Av.

P/O bogan conducted a real estate check and the property is owned by a Georgeanna Davis. A voters check showed a Dalton Davis was registered to vote from this location. A court history check on Davis showed him with a PPN#1019064 with 6 prior contacts with Police 3 for narcotics.

Ex. D-1, Suppression Hearing, 4/15/15.

Appellant argues that the affidavit of probable cause failed to establish a significant link from Appellant to 3527 Ryan Avenue such that there would be a fair probability that contraband or evidence would be found at 3527 Ryan Avenue. Appellant's argument is extraordinarily weak. Appellant was seen leaving the residence, conducting a transaction, then retreating back into the residence. This was repeated a second time after which Jennifer Cifelli was stopped by the officers, drugs were found on her person, and she informed the officers that they were purchased from Appellant. Afterwards, Officer Bogun conducted a check and determined that Appellant was registered to vote at 3527 Ryan Avenue. Based upon the foregoing, there was a fair probability that contraband or evidence would be found at 3527

Ryan Avenue, Appellant's place of residence. Appellant's claim, therefore, fails.

Next, Appellant argues that **Commonwealth v. Kline**, 335 A.2d 361 (Pa. Super. 1975) stands for the proposition that an affidavit must explicitly state that the drugs were being stored in the apartment. However, **Kline** is distinguishable from the matter *sub judice* as officers here watched Appellant exit and enter the property and conduct two different transactions in the driveway of 3527 Ryan Avenue. Appellant did not remain outside in between transactions, he instead retreated into the property. Upon review of the affidavit of probable cause it is clear that a substantial basis exists to support the magistrate's finding of probable cause.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/13/2017