J-S39012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DARIN LYNCH | : | |
| | : | |
| Appellant | : | No. 802 MDA 2022 |

Appeal From the Judgment of Sentence Entered April 28, 2022
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0001954-2020

BEFORE: PANELLA, P.J., BENDER, P.J.E., and NICHOLS, J.

MEMORANDUM BY PANELLA, P.J.:           **FILED: FEBRUARY 7, 2023**

Darin Lynch appeals from the judgment of sentence imposed following his convictions for possession with intent to deliver a controlled substance ("PWID"), possession of a controlled substance, and possession of drug paraphernalia.[1] On appeal, Lynch challenges the denial of his motion to suppress physical evidence recovered from his vehicle. In particular, Lynch argues the search warrant was not supported by probable cause and challenges the reliability of two confidential sources who provided information to police about Lynch's drug activity. We conclude the search warrant was supported by probable cause and affirm Lynch's judgment of sentence.

---

[1] *See* 35 P.S. § 780-113(a)(16), (30), (32).

Minersville Borough Police Patrolman Jeffrey R. Bowers began investigating Lynch in September 2020, in part based on neighbors' complaints about large volumes of traffic at Lynch's residence on New Castle Street in Minersville. *See* Motion to Suppress, 9/22/20, Exhibit A (Search Warrant Application and Affidavit) at 5. Patrolman Bowers had personal knowledge that Lynch had a history of trafficking narcotics from the New Castle Street address. *See id.* Patrolman Bowers also received information from three confidential sources that there is frequent traffic at Lynch's residence, and Lynch often exits the basement and places a backpack inside a dark gray Chevrolet sedan with the license plate KYF-[XXXX]. *See id.* at 5-6. Additionally, Patrolman Bowers and another officer conducted a trash pull at the New Castle Street address, recovering two ledger sheets.

Patrolman Bowers applied for two search warrants: one for Lynch's residence on New Castle Street and a second one for the Chevrolet sedan with the license plate KYF-[XXXX].

Police executed the search warrants on September 23, 2020. In the basement of the residence, police found $445.00 in U.S. currency, business cards,[2] a digital scale, packaging materials and drug paraphernalia, Lynch's

---

[2] The business cards read "The Grinch's Snow and Ice Removal. No Pile Too Big. Also The Grinch's Green Trees Available Year Round." The parties stipulated that Officer Bowers would testify that Lynch's nickname is "The Grinch," and that "snow" and "ice" are street names for methamphetamine. *See* Stipulation of Witness Testimony at 1 (unnumbered).

driver's license and mail addressed to Lynch. **See** Criminal Complaint, 9/23/20, Affidavit at 2-3. From the vehicle, police recovered a cell phone and tablet, paperwork purporting to show the sale of the vehicle to Lynch, as well as the following items:

> Brown and red backpack containing: black CR digital scale with playing card funnel and baggie, blue bag containing packaging materials, a Morton Salt container with a false bottom containing one (1) bag containing crystalized substance and several glassine bags, seventeen (17) glassine bags containing crystalized substance prepackaged for sale with a total weight of approximately 23.3 grams, four (4) white unknown tablets, summons for a summary trial case and a PPL bill in the name of … Lynch, [] New Castle Street …, five (5) glass smoking devices, one (1) Magnum digital scale, one (1) orange "ledger/owe sheet" (located in trunk)[.]

**Id.** at 3. Field testing identified the crystalized substance as methamphetamine.

On February 9, 2021, Lynch filed a motion to suppress the physical evidence recovered from the vehicle, arguing that the search warrant was not supported by probable cause.[3] Lynch asserted the information about the vehicle came from two confidential sources whose reliability had not been established. **See** Motion to Suppress, 2/9/21, at 3 (unnumbered). He claimed that "based on the four corners of the warrant, it appears that [the informants] were interviewed at the same time and with no indication that their provided

---

[3] Lynch does not specifically concede the validity of the search warrant for the residence. However, the motion to suppress only discusses the vehicle and identifies only the evidence found in the vehicle.

statements were actually independent of one another's." *Id.* Further, Lynch argued the police surveillance did not corroborate the information because police merely saw him use the vehicle; they did not confirm that he used the vehicle as a drop spot. *See id.* at 4 (unnumbered).

The suppression court declined to conduct a hearing and ordered the parties to file briefs in support of their positions. In response to Lynch, the Commonwealth pointed out that the affidavit of probable cause for the vehicle search included much of the same information as the affidavit for the residence search, which Lynch did not contest. *See* Brief in Opposition at 2 (unnumbered). The Commonwealth also argued that Patrolman Bowers had personal knowledge of the Minersville drug culture, including known drug users. *See id.* at 2-3 (unnumbered). Lynch had prior drug convictions related to trafficking methamphetamine. *See id.* at 2 (unnumbered). The Commonwealth reiterated that three sources provided information about traffic around Lynch's home and his frequent trips to his vehicle with a backpack. *See id.* at 3. The Commonwealth also stated that, contrary to Lynch's interpretation, none of the informants were interviewed at the same time. *See id.*

The suppression court denied Lynch's motion to suppress. The matter then proceeded to a stipulated bench trial, after which Lynch was convicted for the above-mentioned crimes. The trial court sentenced Lynch to 4 to 12 months in prison, with credit for time served, and directed Lynch to pay fines,

fees, and the costs of prosecution. Lynch filed a timely notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal.

In his appellate brief, Lynch again argues the search warrant for his vehicle was unsupported by probable cause. Lynch asserts that the allegations about his use of the vehicle during drug transactions came from two confidential sources (referred to as CS #1 and CS #2 in the affidavit of probable cause) whose credibility was not properly established. **See** Appellant's Brief at 9. Lynch apparently concedes a third confidential informant's reliability was established. **See id.** at 12. However, Lynch claims the third source's information did not corroborate the information provided by CS #1 and CS #2. **See id.** Lynch also argues the officers surveilling the residence did not corroborate the tips because they never witnessed him with a backpack. **See id.** at 13-14. Further, Lynch contends the trash pull did not connect the vehicle to illegal activity. **See id.** at 14-15.

In reviewing a magistrate's decision to issue a search warrant, this Court "must accord deference to the issuing authority's probable cause determination, and must view the information offered to establish probable cause in a common-sense, non-technical manner." **Commonwealth v. Manuel**, 194 A.3d 1076, 1081 (Pa. Super. 2018) (*en banc*) (citation omitted).

A search warrant must be supported by probable cause, and the issuing authority may not consider any evidence outside the sworn affidavits. **See**

Pa.R.Crim.P. 203(B); *Commonwealth v. Griffin*, 24 A.3d 1037, 1043 (Pa. Super. 2011) (explaining that probable cause must exist at the time the warrant is issued and must be based on the facts described within the four corners of the supporting affidavit). The issuing authority must be satisfied that "there is a fair probability that evidence of a crime or contraband will be found in a particular location." *Commonwealth v. Nicholson*, 262 A.3d 1276, 1280 (Pa. Super. 2021).

When examining whether probable cause exists to support a search warrant, we consider the totality of the circumstances described in the affidavit of probable cause. *See Commonwealth v. Harlan*, 208 A.3d 497, 505 (Pa. Super. 2019). The totality of the circumstances may include an assessment of the veracity and basis of knowledge of an informant supplying information to police. *See Commonwealth v. Wallace*, 42 A.3d 1040, 1048 (Pa. 2012); *Commonwealth v. Dukeman*, 917 A.2d 338, 341-42 (Pa. Super. 2007) ("When information essential to a finding of probable cause is garnered from the use of confidential informants, the issuing authority determines the reliability of the informant's information from the facts supplied by the police official."). "[A]n informant's tip may constitute probable cause where police independently corroborate the tip, or where the informant has provided accurate information of criminal activity in the past, or where the informant himself participated in the criminal activity." *Commonwealth v. Clark*, 28 A.3d 1284, 1288 (Pa. 2011) (citation omitted).

Here, the suppression court concluded the information provided by CS #1 and CS #2 adequately established a nexus between Lynch's residence and his vehicle. ***See*** Suppression Court Opinion, 5/17/21, at 6. The court also concluded that the informants corroborated one another by providing similar testimony. ***See id.*** at 5. Additionally, the suppression court concluded that the testimony of CS #1 was bolstered by Patrolman Bowers's confirmation of the vehicle's license plate number, which was registered to Lynch's girlfriend. ***See id.***

Our review confirms that, based on the totality of the circumstances, the evidence supplied in the affidavit of probable cause demonstrated a fair possibility that contraband would be discovered in Lynch's vehicle. Patrolman Bowers set forth, in relevant part, the information he received from CS #1 and CS #2 as follows:

> On 09/22/2020 [CS #1] advised your Affiant that Lynch has a large volume of stop and go traffic at the residence nightly. CS #1 advised that individuals arrive, enter the basement door of [] New Castle Street, Minersville. CS #1 advised that the individuals are only there for a brief time and then emerge and depart the area. Based on training, knowledge and experience, your Affiant knows that this type of behavior is indicative of narcotics trafficking. CS #1 advised that Lynch is utilizing a dark gray Chevrolet sedan bearing PA registration of KYF-[XXXX]. CS #1 advised that Lynch regularly exits the basement of [] New Castle Street and places a backpack in the aforementioned Chevrolet sedan and leaves.
>
> On 09/22/2020 [CS #2] advised your Affiant that Lynch has a large volume of stop and go traffic at the residence nightly. CS #2 advised that individuals arrive, enter the basement door of [] New Castle Street, Minersville. CS #2 advised that the individuals are only there for a brief time and then emerge and depart the

area. Based on training, knowledge and experience, your Affiant knows that this type of behavior is indicative of narcotics trafficking. CS #2 provided your Affiant with a list of individuals they recognized coming and going from [] New Castle Street, Minersville, Pa. Your Affiant has personal knowledge that individuals identified by CS #2 are known drug users and part of the drug culture of Minersville Borough and surrounding areas. CS #2 also advised that Lynch regularly exits his residence and places a backpack inside the aforementioned Chevrolet sedan. A short time later, the aforementioned drug users arrive, remove said backpack and leave the area only to return a short time later placing the backpack inside the Chevrolet sedan. Once the backpack is returned, Lynch then emerges from the basement, retrieves the backpack and enters his basement. Your Affiant avers that Lynch is utilizing the backpack as a drop spot for drug transactions with users.

Motion to Suppress, 9/22/20, Exhibit A (Search Warrant Application and Affidavit) at 5-6. Additionally, Patrolman Bowers attested that a check of the Chevrolet sedan's registration indicates that it is owned by a known drug user in the area. *See id.* at 6. Patrolman Bowers stated that during his surveillance, the vehicle was often parked at the residence and Lynch was using it regularly as his own. *See id.*

While affidavits relying on information obtained through confidential informants often include at least a cursory statement that the informant had previously provided information that resulted in arrests or convictions, such statements are not strictly required. *See Dukeman*, 917 A.2d at 342. The absence of a reference to an informant's credibility does not require suppression of evidence so long as "the affidavit provides probable cause to support the warrant independent of the questionable source." *Id.* (citation omitted).

"[T]he reliability of an informant may be established by the corroboration of another source, such as an additional informant." *Commonwealth v. Singleton*, 603 A.2d 1072, 1074 (Pa. Super. 1992) (citation omitted).

> [W]hen two independent informants both supply the same information about a particular crime to the police, each source tends inherently to bolster the reliability of the other. Although the information supplied by one questionable source may be insufficient, the probability is extremely small that a second independent source would supply identical information if it were not probably accurate.

*Id.* (citation and quotation marks omitted).

CS #1 and CS #2 each provided Patrolman Bowers with similar information about the frequent traffic at Lynch's home. Both sources explained that individuals would enter the basement and exit a short time later. CS #1 and CS #2 also both identified Lynch's use of a dark gray Chevrolet sedan with license plate KYF-[XXXX], in which Lynch often deposited a backpack. CS #2 provided the additional detail that after a drug user took the backpack and later returned it, Lynch would retrieve the backpack from the car and return to the basement. Based on CS #2's reported observations, Patrolman Bowers was also able to confirm the identities of several known drug users frequenting the residence. Because both sources provided substantially similar information, their respective information bolstered the reliability of one another. *See Singleton*, 603 A.2d at 1074; *see also Dukeman*, 917 A.2d at 342 (concluding that information provided by two informants established

probable cause, even where one had never before provided information to police, because they provided independent confirmation of the alleged facts).

Under the totality of the circumstances, the facts alleged in the affidavit of probable cause established a reasonable probability that Lynch used the vehicle in connection with his drug trafficking business and that contraband would be discovered in the vehicle. Therefore, the search warrant for Lynch's vehicle was supported by probable cause, and the suppression court did not err by denying Lynch's motion to suppress.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/07/2023