J-S01026-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VICTOR BUENO | : | |
| | : | |
| Appellant | : | No. 484 MDA 2023 |

Appeal from the Judgment of Sentence Entered March 23, 2023
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0000297-2022

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                **FILED FEBRUARY 09, 2024**

Victor Bueno appeals from the 12½-to-25-year judgment of sentence for his convictions from selling drugs and possessing a stolen gun.[1]   He challenges the denial of his motion to suppress evidence obtained through the execution of a search warrant.  We affirm.

On February 15, 2022, Trooper Russ Rothermel of the Pennsylvania State Police obtained a warrant to search a residence in Schuylkill County. The owners of the premises were listed as Karla Mitchella Rivera and Edwin Sanchez-Arroyo.  In the affidavit attached to the warrant, Trooper Rothermel

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 3925(a) (receiving stolen property); *id.* § 6105(a)(1) (persons not to possess firearms); 35 P.S. § 780-113(a)(30) (possession with intent to deliver a controlled substance); *id.* § 780-113(a)(16) (possession of a controlled substance); *id.* § 780-113(a)(32) (drug paraphernalia).

detailed the qualifications of a confidential informant who police used in investigating suspected drug dealing from the residence:

> The confidential informant (hereinafter referred to as CI) has been providing information to members of law enforcement in excess of four months. The information has included, but is not limited to, the names and addresses of area drug traffickers, the types of illegal drugs they are distributing, the manner of packaging of the illegal drugs and trafficker's vehicle description. The information provided has been proven to be accurate and correct through independent investigative techniques, including but not limited to surveillance, investigative reports and the utilization of other confidential sources. The information that the CI has provided has led to controlled purchases of controlled substances including Methamphetamine and heroin/fentanyl.

> Furthermore, the CI has been a member of the drug culture in the county of Schuylkill, Pennsylvania and has managed to gain the trust and confidence of area narcotics dealers as well as other criminal elements. He/she has become familiar with those persons and their operations. The CI has become knowledgeable of what these substances look like, how they are normally packaged for street sales, their average street price and other details involved in the illegal sales of controlled substances. The CI has also made statements against his/her penal interest.

> Due to the relationship that the CI has with the subject(s) of this affidavit they wish to remain anonymous. They fear that their safety may be in jeopardy if the target(s) of this investigation or any target(s) associates discovered their cooperation with the police. The CI is not only concerned about their own safety, but also the safety of their family. They [fear retaliation].

Search Warrant, 2/15/22, at 11.

The affidavit described three controlled purchases of illegal drugs from the target residence. *Id.* at 12–14. In each purchase, the confidential informant gave a different "unwitting" individual prerecorded funds to buy drugs from the residence. The police observed each of these individuals enter

- 2 -

the residence and exit a short time later and meet up with the confidential informant. The informant then gave the police an amount of drugs consistent with the funds. In the first purchase, the confidential informant told police that the unwitting individual said that the drugs were purchased from Sanchez-Arroyo inside the residence.

Pursuant to the warrant, police searched the residence and found a variety of illegal drugs, drug paraphernalia, guns, and money. They arrested Bueno and charged him with the above crimes.

On May 9, 2022, Bueno filed an omnibus motion including a motion to suppress the evidence obtained from the search. The suppression court heard the motion on July 21, 2022. There, Trooper Rothermel explained that "Edwin Sanchez-Arroyo" was mistakenly listed as one of the owners of the residence because the confidential informant knew the owner only by his nickname. When police executed the search warrant, another person in the residence identified Bueno as the person with that nickname. N.T., Suppression, 7/21/22, at 6–8.

The court denied suppression. The case proceeded to a stipulated non-jury trial, where Bueno was found guilty of the above offenses. On March 23, 2023, the court sentenced Bueno to an aggregate term of 12½ to 25 years of imprisonment, as well as fines, costs, and restitution.

Bueno timely appealed.[2] Bueno and the suppression court complied with Pennsylvania Rule of Appellate Procedure 1925.

Bueno argues that the search warrant was defective and thus illegal. He challenges the suppression court's conclusion that the warrant provided a substantial basis for the issuing authority to find probable cause. Specifically, Bueno submits that the affidavit did not establish a reason to rely on the confidential informant—the police did not corroborate the informant's reports, and the warrant did not state that the confidential informant had given information that led to arrests or convictions. Bueno notes that he was not the "Edwin Sanchez-Arroyo" named as one of the property owners, which could show that the informant was unreliable. Furthermore, Bueno submits that the warrant gave no basis to establish the reliability of the "unwitting" individuals, and it left open the possibility that these persons got drugs from someone other than Bueno. Bueno urges that the court should have suppressed all evidence seized from his residence based on the invalid warrant.

The Commonwealth responds that Trooper Rothermel reasonably addressed the discrepancy in the property owner's name at the suppression hearing. The Commonwealth provides persuasive authority that unwitting individuals described in search warrants may be found reliable if they make

---

[2] Bueno's notice of appeal, which he filed *pro se* while represented by former counsel, is legally effective. **See Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016).

- 4 -

statements against their penal interest and police corroborate the information they provide. **E.g.**, **State v. Brotherton**, 859 P.2d 565 (Or. Ct. App. 1993). The Commonwealth concludes that the warrant—and the denial of suppression—were both proper.

An appellate court reviewing the denial of a suppression motion must determine "whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." **Commonwealth v. Jones-Williams**, 279 A.3d 508, 515 (Pa. 2022). We review questions of law *de novo* and consider the record from the suppression hearing. **Commonwealth v. McFarland**, 278 A.3d 369, 377 (Pa. Super. 2022). However, any court reviewing a search warrant exercises a level of deference to the issuing authority; the court determines "only whether a substantial basis exists for the issuing authority's finding of probable cause" and does not invalidate a warrant through a hyper-technical reading. **Commonwealth v. Pacheco**, 263 A.3d 626, 646 (Pa. 2021) (citing **Illinois v. Gates**, 462 U.S. 213, 236 (1983), and **Commonwealth v. Johnson**, 42 A.3d 1017, 1031 (Pa. 2012)).

The Constitutions of the United States and Pennsylvania protect against unreasonable searches and seizures. **McFarland**, 278 A.3d at 377. Accordingly, both require search warrants to be issued only "upon probable cause," *i.e.*, "where the facts and circumstances within the affiant's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that a search

should be conducted." *Pacheco*, 263 A.3d at 645. The issuing authority considers the totality of the circumstances in the affidavit of probable cause, "including the veracity and basis of knowledge of persons supplying hearsay information." *Id.* at 646.

Notably, the probable cause determination for a search warrant affidavit that uses a confidential informant includes consideration of "the informant's reliability and basis of knowledge viewed in a common sense, non-technical manner." *Commonwealth v. Clark*, 28 A.3d 1284, 1288 (Pa. 2011) (citing *Commonwealth v. Luv*, 735 A.2d 87, 90 (Pa. 1999)). A confidential informant's tip may support probable cause in different ways: "where police independently corroborate the tip, **or** where the informant has provided accurate information of criminal activity in the past, **or** where the informant himself participated in the criminal activity." *Id.* Our Supreme Court rejected requiring a "talismanic recitation of a particular phrase," such as the "customary" statement that the informant previously provided information that resulted in arrests or convictions. *Id.* at 1292 (comparing *Commonwealth v. Dukeman*, 917 A.2d 338, 342 (Pa. Super. 2007)).

Here, although the search warrant did not state that the confidential informant's information had resulted in arrests or convictions, this was not required for probable cause. *Id.* The affidavit described that the informant had provided information for four months, which the police corroborated and used to make controlled purchases of illegal drugs. It also stated that the informant was part of the local drug culture and therefore knew about the

drug dealers and their operations. Viewed in a common-sense, non-technical manner, this is a sufficient demonstration of the informant's reliability and basis for knowledge.[3]

Likewise, the search warrant is not invalid because the confidential informant used three different "unwitting" individuals to buy drugs. The affidavit describes how each of the controlled purchases was made, with police watching the individuals enter the residence and leave a short while later. Each time, the informant produced drugs consistent with the prerecorded funds that the police provided. This is adequate corroboration of the individuals' activity, which gave the issuing authority a substantial basis to find probable cause. *Pacheco*, 263 A.3d at 646; *see Commonwealth v. Cameron*, 664 A.2d 1364, 1367 (Pa. Super. 1995) (finding a sufficient basis to issue a warrant where a reliable informant executed a controlled buy through an "unwitting" third party whose reliability was not addressed). Because the suppression court properly denied Bueno's motion to suppress, we affirm.

Judgment of sentence affirmed.

---

[3] The informant's misidentification of the owner of the premises as "Edwin Sanchez-Arroyo" does not negate this reliability. First, the discrepancy in names does not appear within the four corners of the search warrant. Second, the misidentification is reasonable given that the informant used nicknames as part of the drug culture. Finally, the probable cause for the search focused on drug sales from the residence, not from any particular individual. Thus, the name of the owner was not a factor. Moreover, the police resolved the discrepancy when they learned that Bueno was the person who used the nickname given by the informant.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 02/09/2024