J. S21021/17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LEVOND THOMAS LEWIS, | : | |
| | : | |
| Appellant | : | |
| | : | No. 1106 WDA 2016 |

Appeal from the Judgment of Sentence June 20, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No.: CP-25-CR-0003075-2015

BEFORE: LAZARUS, J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.: **FILED APRIL 11, 2017**

Appellant, Levond Thomas Lewis, appeals from the Judgment of Sentence entered following a jury trial. Appellant's counsel filed a Petition to Withdraw as Counsel and a Brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), stating that the appeal is wholly frivolous. After careful review, we grant counsel's request to withdraw and affirm Appellant's Judgment of Sentence.

The facts, as gleaned from the certified record, are as follows. On August 14, 2015, police arrested Appellant for selling crack cocaine from 353 East 24th Street in Erie, Pennsylvania. The affidavit of probable cause

---

[*]Retired Senior Judge assigned to the Superior Court.

described information from a confidential informant ("CI") and police officers that Appellant resided in and stored crack cocaine in the upstairs apartment and that Appellant sold crack cocaine from the downstairs apartment. The affidavit also stated that the CI purchased drugs from Appellant previously, including three recent controlled buys from Appellant at 353 East 24th Street. In addition, police officers had spoken with Appellant's state parole officer, Agent Mike Davis, who verified that Appellant lived in the upstairs apartment and Appellant's brother, whom Appellant cared for, lived in the downstairs apartment. The downstairs apartment connected to the upstairs apartment via an indoor stairwell.

Police executed search warrants for the upstairs and downstairs apartments at 353 East 24th Street. From the upstairs apartment, police recovered $568 in cash and two boxes of sandwich baggies. From the downstairs apartment, police recovered 77 individually packaged baggies of crack cocaine and one torn plastic baggie. When Appellant learned that police recovered crack cocaine from the search, Appellant replied, "I'm going to take that." N.T. Trial, 5/9/16, at 24. Appellant later admitted, following ***Miranda***[1] warnings, that he sold crack cocaine to help support his family. ***Id.*** at 25-26.

---

[1] ***Miranda v. Arizona***, 384 U.S. 436 (1966).

The Commonwealth charged Appellant with Possession with Intent to Deliver a Controlled Substance ("PWID") and Knowing and Intentional Possession of a Controlled Substance.[2]

Appellant filed a motion seeking to suppress the drugs and Appellant's subsequent statements to police officers, challenging the adequacy of the search warrants and affidavits of probable cause. The trial court denied Appellant's Motion to Suppress.

Following a jury trial, the jury convicted Appellant of the above drug offenses. On June 20, 2016, the trial court sentenced Appellant to a term of 27 to 54 months' incarceration. Appellant filed a timely Post-Sentence Motion, which the trial court denied on June 29, 2016.

Appellant filed a timely Notice of Appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

On January 5, 2017, counsel for Appellant filed an **Anders** Brief and a Petition to Withdraw as counsel. He also filed a copy of a letter addressed to Appellant informing Appellant of counsel's Petition to Withdraw and his right to retain new counsel or proceed *pro se*. Appellant did not file a response.

In his **Anders** Brief, counsel raises the following issues on Appellant's behalf:

> A. Whether the trial court erred in denying the Appellant's omnibus pretrial motion to suppress evidence collected as the

---

[2] 35 P.S. §§ 780-113(a)(30) and (a)(16).

result of a search warrant issued on the basis of unsupported information from a confidential informant[?]

B. Whether the Appellant's sentence is manifestly excessive, clearly unreasonable and inconsistent with the objective of the Pennsylvania sentencing code?

*Anders* Brief at 4 (capitalization omitted).

Before we address the merits of this appeal, we must determine whether counsel has complied with the procedures provided in *Anders* and its progeny. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Counsel who wishes to withdraw must file a petition to withdraw stating that he or she has made a conscientious examination of the record and determined that there are no meritorious issues to be raised on appeal. *Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004). Also, counsel must provide a copy of the *Anders* Brief to the appellant and inform him of his right to proceed *pro se* or retain different counsel. *Id*. *See also Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005).

The substance of the *Anders* brief must "(1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes

on point that have led to the conclusion that the appeal is frivolous." **Santiago**, **supra** at 361.

Once counsel has satisfied the above requirements, it is then this Court's duty to conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel and render an independent judgment as to whether the appeal is, in fact, wholly frivolous. **See Goodwin**, **supra** at 291; **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015).

Counsel in the instant appeal has complied with the above requirements. We, thus proceed to conduct an independent review to ascertain if the appeal is indeed wholly frivolous.

In his first issue, Appellant challenges the trial court's denial of his Motion to Suppress based on his challenge to the sufficiency of the affidavits of probable cause based on the purportedly unreliable CI.

When reviewing the denial of a suppression motion, we are limited to determining whether the record supports the suppression court's factual findings and, assuming there is support in the record, we are bound by those facts and may reverse only if the legal conclusions drawn from those facts are erroneous. **Commonwealth v. Jones**, 988 A.2d 649, 654 (Pa. 2010).

The Fourth Amendment and Article I, Section 8 of the Pennsylvania Constitution each require that search warrants be supported by probable cause. **Commonwealth v. Edmunds**, 586 A.2d 887, 899 (Pa.1991).

"Probable cause exists where the facts and circumstances within the affiant's knowledge and of which he has reasonably trustworthy information are sufficient in themselves to warrant a man of reasonable caution in the belief that a search should be conducted." ***Commonwealth v. Thomas****, 292 A.2d 352, 357 (Pa. 1972).

In ***Illinois v. Gates****, 462 U.S. 213 (1983), the United States Supreme Court established the "totality of the circumstances" test for determining whether a request for a search warrant under the Fourth Amendment is supported by probable cause. Three years after ***Gates***, our Supreme Court adopted the totality of the circumstances test for purposes of making and reviewing probable cause determinations under Article I, Section 8. ***Commonwealth v. Gray****, 503 A.2d 921 (Pa. 1986). Our Supreme Court described this test as follows:

> [T]he task of an issuing authority is simply to make a practical, common-sense decision whether, given all of the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.... It is the duty of a court reviewing an issuing authority's probable cause determination to ensure that the magistrate had a substantial basis for concluding that probable cause existed. In so doing, the reviewing court must accord deference to the issuing authority's probable cause determination, and must view the information offered to establish probable cause in a common-sense, non-technical manner.
>
> *      *      *
>
> [Further,] a reviewing court [is] not to conduct a *de novo* review of the issuing authority's probable cause determination, but [is]

- 6 -

simply to determine whether or not there is substantial evidence in the record supporting the decision to issue the warrant.

***Commonwealth v. Torres***, 764 A.2d 532, 537-38, 540 (Pa. 2001) (citations and quotation marks omitted).

In determining whether a warrant is supported by probable cause, we restrict our inquiry to the "facts described within the four corners of the supporting affidavit." ***Commonwealth v. Dukeman***, 917 A.2d 338, 341 (Pa. Super. 2007).

Here, the trial court addressed Appellant's issue in its Pa.R.A.P. 1925(a) Opinion as follows:

> Here, after reviewing the four corners of the affidavits, this Court appropriately concluded that they provided a substantial basis to support the magistrate's decision to approve the search warrants. Both affidavits established via CI's information and independent police corroboration that Appellant resided and stored crack cocaine in his upstairs apartment. The information further established that Appellant sold crack cocaine from the downstairs apartment. Irrespective of Appellant's claim regarding CI's reliability, both affidavits contained information related to CI's prior drug purchases from Appellant and his active participation in three recent controlled buys from Appellant at 353 East 24th Street.
>
> *       *       *
>
> Regarding Appellant's challenge to his statements, Appellant asserted in his suppression motion that he made statements to police after he was provided with ***Miranda*** warnings. His motion is devoid of any specific challenge to the appropriateness of the ***Miranda*** warnings and/or his waiver. Rather, he claimed his statements were "fruit of the poisonous tree[,"] a claim this Court appropriately concluded was based on his challenge to the four corners of the affidavits and subsequent arrest. Because the affidavits comported with both constitutional and procedural requirement[s], all evidence derived therefrom, including

Appellant's statements to police following his arrest and **Miranda** waiver, [were] not subject to suppression. Accordingly, this Court did not err in denying the suppression motion without an evidentiary hearing.

Trial Court Opinion, 9/6/16, at 3 (citing **Commonwealth v. Hawkins**, 45 A.3d 1123 (Pa. Super. 2012)).

We agree with the trial court's analysis. There is substantial evidence in the certified record supporting the decision to issue the search warrant based on the three controlled drug buys and the information from the CI, which police corroborated by speaking with Appellant's state parole officer. The record supports the suppression court's factual findings and legal conclusions. Therefore, we affirm.

In his second issue, Appellant challenges the discretionary aspects of his sentence. Appellant must properly invoke this Court's jurisdiction in order to seek review on the merits. "Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Griffin**, 65 A.3d 932, 935 (Pa. Super. 2013) (citation omitted). Rather, Appellant must first meet his burden of satisfying the following four elements before we will review the discretionary aspect of a sentence:

(1) whether appellant has filed a timely notice of appeal, **see** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, **see** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).

*Id.* (quoting *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)).

Here, Appellant met the first three elements by filing a timely Notice of Appeal, properly preserving the issue, and including in his brief a Statement of Reasons Relied Upon for Allowance of Appeal pursuant to Pa.R.A.P. 2119(f) ("Rule 2119(f) Statement").

Accordingly, we next determine whether Appellant's claims present a "substantial question" for review. An appellant raises a "substantial question" when he "sets forth a plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." *Commonwealth v. Crump*, 995 A.2d 1280, 1282 (Pa. Super. 2010) (citation omitted). This Court has no jurisdiction where an appellant's Rule 2119(f) Statement fails to raise "a substantial question as to whether the trial judge, in imposing sentence, violated a specific provision of the Sentencing Code or contravened a 'fundamental norm' of the sentencing process." *Commonwealth v. Coulverson*, 34 A.3d 135, 142 (Pa. Super. 2011) (citations omitted).

In the instant case, Appellant avers that (1) his sentence was unreasonable and excessive,[3] and (2) failed to consider mitigating factors,

---

[3] Appellant recognizes that his sentence of 27 to 54 months' incarceration "is a sentence that begins in the standard range of the [g]uidelines." Appellant's Brief at 7. Moreover, we also note that Appellant specifically requested a guideline sentence. N.T. Sentencing, 6/20/16, at 6.

including (i) his acceptance of responsibility, (ii) his expression of remorse, (iii) his rehabilitative potential, and (iv) his anticipated additional incarceration for parole violations. Appellant's Brief at 6-7, 10-11. None of Appellant's contentions sets forth a "plausible argument that the sentence violates a provision of the sentencing code or is contrary to the fundamental norms of the sentencing process." **Crump, supra** at 1282.

It is clear from our precedent that Appellant has failed to raise a substantial question as to his sentence, and therefore failed to invoke the jurisdiction of this Court. **See, e.g., Commonwealth v. Cannon**, 954 A.2d 1222, 1228–29 (Pa. Super. 2008) (finding no substantial question raised by a claim that the trial court failed to consider adequately the defendant's mitigating factors, including his rehabilitative needs, age, and educational background); **Commonwealth v. Coolbaugh**, 770 A.2d 788, 792-93 (Pa. Super. 2001) (finding no substantial question raised by a claim that a probation revocation sentence failed to take into consideration the defendant's rehabilitative needs and was manifestly excessive where sentence was within statutory guidelines and within sentencing guidelines); **Commonwealth v. Coss**, 695 A.2d 831, 833-34 (Pa. Super. 1997) (holding that, when the sentence imposed falls within the statutory recommendation, an appellant's claim that a sentence is manifestly excessive fails to raise a substantial question). Therefore, we affirm Appellant's Judgment of Sentence.

J. S21021/17

Accordingly, in light of the above and our further independent review of the record, we conclude that there are no meritorious issues to be raised on appeal, and the Judgment of Sentence should be affirmed.

Judgment of Sentence affirmed. Counsel's Petition to Withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/11/2017

- 11 -