J-E01001-18

2018 PA Super 232

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHARLES HOWARD MANUEL | : | |
| | : | |
| Appellant | : | No. 1048 MDA 2015 |

Appeal from the Judgment of Sentence June 3, 2015
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0007220-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| TIMOTHY A. MANUEL | : | |
| | : | |
| Appellant | : | No. 1152 MDA 2015 |

Appeal from the Judgment of Sentence July 1, 2015
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0007222-2014

BEFORE:  BENDER, P.J.E., PANELLA, J., SHOGAN, J., LAZARUS, J., OLSON, J., STABILE, J., DUBOW, J., KUNSELMAN, J., and MURRAY, J.

OPINION BY LAZARUS, J.:                    **FILED AUGUST 23, 2018**

Charles H. Manuel and Timothy A. Manuel (referred to collectively as "Appellants") appeal from their judgments of sentence, entered in the Court of Common Pleas of York County, after they were each convicted in a stipulated non-jury trial of one count of possession with intent to manufacture

or deliver marijuana ("PWID").[1]  The issue presented by this appeal is whether a search warrant based on information provided by a confidential informant ("CI"), whose reliability has not been adequately corroborated, can supply the basis for either a search or an arrest.  Upon careful review, we conclude that it cannot and therefore reverse the judgments of sentence.

On June 16, 2014, Officer Michelle Hoover of the York Area Regional Police Department met with a CI who advised her that, within the prior 72 hours, he[2] had been inside the premises located at 1110 Pleasant Grove Road, Red Lion, York County ("Pleasant Grove Residence"), and had observed marijuana packaged for sale, multiple marijuana plants growing, and marijuana growing accessories.  The CI advised Officer Hoover that a white male named Timothy Manuel lived at the residence.

Based upon the information provided by the CI, Officer Hoover applied for and received a warrant to search the Pleasant Grove Residence and all persons present.  On June 20, 2014, the York County Drug Task Force executed the warrant and found marijuana plants growing in Appellants' bedrooms, as well as drug paraphernalia, cash, and a digital scale.  Appellants were arrested and each charged with one count of PWID.

On January 20, 2015, Appellants filed a joint motion to suppress, arguing that the search warrant obtained by Officer Hoover lacked sufficient

---

[1] 35 P.S. § 780-113(a)(30).

[2] The gender of the CI is unknown.  We will refer to the CI with male pronouns.

probable cause because the police did not perform any investigation to independently corroborate the CI's information. A hearing was held on March 23, 2015, and, by order dated March 24, 2015, the trial court denied the suppression motion.

A stipulated bench trial was held on May 1, 2015, at the conclusion of which Appellants were found guilty of PWID. Appellants were sentenced on June 3, 2015. Charles received a sentence of two years' intermediate punishment, consisting of two months' imprisonment on Outmate status, followed by four months of house arrest and then probation. Timothy was originally sentenced to six to twenty-three months' incarceration; however, after he filed a motion for reconsideration of sentence, the court resentenced him to a twenty-three month term of intermediate punishment, consisting of three months' imprisonment, followed by three months of house arrest and then probation.

Appellants filed timely notices of appeal, which this Court consolidated, and raised for our review the issue of whether the trial court erred in denying their motions to suppress, where the Application for a Search Warrant and attached Affidavit of Probable Cause lacked sufficient probable cause because they failed to establish the veracity and reliability of the CI and lacked independent police corroboration of criminal activity, in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution.

On appeal, the panel majority reversed, concluding that the information contained in the affidavit of probable cause was legally insufficient to support the issuance of a search warrant where the reliability of the CI, who had previously provided information leading to only one arrest and no convictions, had not been sufficiently established through independent police corroboration. The dissent concluded that the affidavit "comfortably satisfied" probable cause, emphasizing that the CI had personally observed marijuana cultivation and packaging at Appellants' residence.

The Commonwealth filed for reargument and we granted en banc review. The parties submitted substituted briefs and raise the following issue:

> Whether the trial court erred in denying the [motion to suppress] where the [a]pplication for a [s]earch [w]arrant and attached [a]ffidavit of [p]robable [c]ause lacked sufficient probable cause by failing to establish the veracity and reliability of the [CI] and lacked independent police corroboration of criminal activity, in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution?

Substituted Brief of Appellants, at 3.

We begin by noting that our scope and standard of review of an order denying a motion to suppress are unique when we are reviewing a magistrate's decision to issue a search warrant. They differ from those cases in which we are reviewing a court's decision regarding evidence obtained without a warrant. When reviewing a magistrate's decision to issue a warrant, there are no factual findings from the trial court. Thus, we need not consider "only the evidence of the Commonwealth and so much of the evidence for the

- 4 -

defense as remains uncontradicted when read in the context of the record as a whole." ***See Commonwealth v. Farnan***, 55 A.3d 113, 115 (Pa. Super. 2012). Instead, we are merely reviewing the magistrate's decision to issue the warrant. As such, our duty is to "ensure that the magistrate had a substantial basis for concluding that probable cause existed. In so doing, the reviewing court must accord deference to the issuing authority's probable cause determination, and must view the information offered to establish probable cause in a common-sense, non-technical manner." ***Commonwealth v. Torres***, 764 A.2d 532, 537–38 (Pa. 2001).

Appellants challenge the sufficiency of the information contained in the probable cause affidavit. Specifically, Appellants assert that the reliability of the CI was not established where the CI had previously provided information leading to only one arrest which had not yet led to a conviction. Moreover, Appellants assert that independent police corroboration of the CI's information was insufficient, consisting solely of verifying publicly available information. For the reasons that follow, we conclude that the information contained in the affidavit of probable cause was legally insufficient to support the issuance of a search and seizure warrant.

> The legal principles applicable to a review of the sufficiency of probable cause affidavits are well settled. Before an issuing authority may issue a constitutionally valid search warrant, he or she must be furnished with information sufficient to persuade a reasonable person that probable cause exists to conduct a search. The standard for evaluating a search warrant is a "totality of the circumstances" test as set forth in ***Illinois v. Gates***, 462 U.S. 213 [] (1983), and adopted in ***Commonwealth v. Gray***, [] 503 A.2d

921 ([Pa.] 1985).[3]  A magistrate is to make a "practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place."  The information offered to establish probable cause must be viewed in a common sense, nontechnical manner.  Probable cause is based on a finding of the probability, not a *prima facie* showing of criminal activity, and deference is to be accorded a magistrate's finding of probable cause.

*Commonwealth v. Rapak*, 138 A.3d 666, 670-71 (Pa. Super. 2016), quoting

*Commonwealth v. Ryerson*, 817 A.2d 510, 513–14 (Pa. Super. 2003)

(quotation omitted).

Probable cause does not demand the certainty we associate with formal trials.  Rather, a determination of probable cause requires only that the totality of the circumstances demonstrates a fair probability that contraband or evidence of a crime will be found in a particular place.  Thus, where the evidence available to police consists of an anonymous tip, probable cause may be established upon corroboration of major portions of the information provided by the tip.  Similarly, where the evidence consists of the allegations of a police informant who has not previously provided information, probable cause requires only corroboration of principal elements of information **not publicly available**.  As recognized by the [U.S. Supreme] Court in [*Illinois v.*] *Gates*, [462 U.S. 213 (1983),] "[i]t is enough, for purposes of assessing probable cause, that '[c]orroboration through other sources of information reduced the chances of a reckless or prevaricating

---

[3] Prior to the Supreme Court's 1983 decision in *Gates*, an affidavit of probable cause based on information from a CI had to satisfy a two-part test in order to establish probable cause.  Specifically, the affiant was required to set forth: (1) the basis of the CI's knowledge; and (2) facts sufficient to establish the CI's veracity or reliability.  *Spinelli v. United States*, 393 U.S. 410 (1969); *Aguilar v. Texas*, 378 U.S. 108 (1964).  In *Gates*, the Court abandoned this "two-part" test and adopted a "totality-of-the-circumstances" test, holding that the *Aguilar*–*Spinelli* factors were no longer rigid, independent requirements that had to be satisfied, but instead, were merely relevant factors among the totality of the circumstances necessary to show probable cause.  *Commonwealth v. Clark*, 28 A.3d 1284, 1287 (Pa. 2011).

tale,' thus providing 'a substantial basis for crediting the hearsay.'"

***Commonwealth v. Otterson***, 947 A.2d 1239, 1244-45 (Pa. Super. 2008), quoting ***Commonwealth v. Brown***, 924 A.2d 1283, 1286-87 (Pa. Super. 2007) (emphasis added) (citations and quotation marks omitted).

Officer Hoover's affidavit of probable cause provided, in its entirety, as follows:

> The undersigned, Ofc. M. Hoover, has been a member of the York Area Regional Police Department for six years, a member of the York County Drug Task Force, and has been sworn as a Special York County Detective authorized to conduct investigations in York County, PA. During this time period, I have participated and executed numerous narcotic investigations, search and seizure warrants, and narcotics arrests. These narcotic investigations include undercover purchases, controlled purchases using confidential informants, execution of search warrants and electronic surveillance.
>
> Additionally, while working narcotic investigations in York County I have had the opportunity to interview numerous narcotic dealers, narcotic purchasers, informants, and other concerned citizens with general drug information. These interviews focused on the values of controlled substances, the appearance of controlled substances, methods of sale, methods of packaging, methods of hiding, secreting and transporting controlled substances, as well as identifying persons involved in controlled substance distribution.
>
> On June 16, 2014 I met with a reliable confidential informant who advised they were inside 1110 Pleasant Grove Road, Red Lion, PA 17356 located in Windsor Township of York County within the past 72 hours. While in the residence, the informant stated [he] observed marijuana packaged for sale, multiple marijuana plants growing, and growing accessories such as growing tools, soil, a humidifier and a grow tent. This informant advised a [white male] named Timothy Manuel lives in the residence.
>
> The informant should be considered reliable due to the fact that [he has] provided police with information that has led to a felony

drug arrest that is currently pending in the York County Court system. This informant is familiar with what marijuana looks like and how it is packaged in York County.

I ran a check through PENN DOT and observed Timothy Manuel lists the address 1110 Pleasant Grove Road, Red Lion, PA 17356 as his residence. On 6/16/14 I viewed a red Mitsubishi parked in the driveway of 1110 Pleasant Grove Road. The vehicle is registered to Charles Manuel of 1110 Pleasant Grove Road, Red Lion, PA 17356.

Based on the totality of the above circumstances, I know through training and experience that narcotics dealers will commonly use a location such as a dwelling to store or "stash" larger quantities of narcotics, packaging, material, and proceeds in order to protect their product(s) and proceeds and to evade law enforcement. Based on my training and experience, I know that narcotics dealers will commonly keep a portion of their product and weapons on their person. Therefore, I request to search all persons present for officer safety reasons and to protect the destruction of evidence.

I believe that the premise known as 1110 Pleasant Grove Rd. in Windsor Township[ i]s being utilized to grow, store, package, and prepare marijuana for the purpose of street level sales. Therefore, I ask for the issuance of a search and seizure warrant for the premises known as 1110 Pleasant Grove Rd. in Windsor Township.

Affidavit of Probable Cause, 6/18/14.

Appellants argue that the information contained in the affidavit does not sufficiently establish the reliability of the CI because previous information provided by the CI had, at that point, resulted in only one arrest and no convictions. Appellants assert that "[a] solitary arrest not resulting in a criminal conviction is hardly deserving of automatic reliability veiled behind a cloak of secrecy for confidential informants." Substituted Brief of Appellants, at 16. Appellants note that the affidavit does not indicate what the previous information given by the CI was, how it led to an arrest, or whether the arrest

"survived even a *prima facie* review at a preliminary hearing." *Id.* at 15. Appellants further cite the apparent doubts regarding the reliability of the CI expressed by the trial court in its Pa.R.A.P. 1925(a) opinion:

> While we agreed, and still do agree, to some extent with the Appellant[s'] arguments, we think that the fact that Officer Hoover was able to confirm that [Timothy Manuel] lived at the residence provided by the CI, provided information about the presence of drugs which was not available to the general public, and that this particular CI had given reliable information in the past did establish sufficient probable cause.

Trial Court Opinion (Case No. 7222-2014), 8/14/15, at 7. Appellants argue that, contrary to the trial court's conclusion, the additional information obtained by the police fell short of the quantum and quality necessary to corroborate the CI's information and establish his reliability. We agree.

> In evaluating an affidavit of probable cause,
>
> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a "substantial basis for . . . conclud[ing] that probable cause existed."

*Gray*, 503 A.2d at 925, quoting *Gates*, 462 U.S. at 238-39.

An informant's tip may constitute probable cause where police *independently* corroborate the tip, *or* where the informant has provided *accurate information of criminal activity* in the past, *or* where the informant himself participated in the criminal activity. *Clark*, 28 A.3d at 1288. "[I]nformation received from an informant whose reliability is not established

may be sufficient to create probable cause where there is some independent corroboration by police of the informant's information." ***Commonwealth v. Sanchez***, 907 A.2d 477, 488 (Pa. 2006), quoting ***United States v. Tuttle***, 200 F.3d 892, 894 (6th Cir. 2000).

In this case, the sole indicia of the CI's reliability presented in the affidavit of probable cause was that he had provided information leading to a single felony drug arrest. The affidavit does not identify the name of the defendant or docket number in that case, indicate the type of information provided by the CI that led to the arrest, or state whether the defendant was even held over for trial. Moreover, there is no indication that the CI himself participated in the criminal activity of which he informed the police, thus exposing himself to legal jeopardy and lending credence to his information. ***Clark***, ***supra***. In short, the only evidence available to evaluate the reliability of this CI is the fact that he once provided police with some unspecified information that, either alone or in conjunction with other unidentified evidence, led to a finding of probable cause to arrest someone on felony drug charges.

The Commonwealth argues that the mere presence of "the 'customary' phrase that the informant has provided information which 'has in the past resulted in arrests or convictions'" is sufficient to establish a CI's veracity. Brief of Appellee, at 16, quoting ***Commonwealth v. Dukeman***, 917 A.2d 338, 341-42 (Pa. Super. 2007). ***Dukeman***, however, is distinguishable on its facts. In that case, two CIs provided independent information regarding the

presence and sale of drugs at Dukeman's residence, as well as specific familiarity with Dukeman and the locations of the drugs. The trial court suppressed the evidence uncovered in the search, finding that one of the CIs "had not provided information in the past that implicated anyone." *Id.* at 339. On appeal, this Court reversed, finding that any question surrounding one CI's reliability was resolved through the corroboration provided by the statement of the second CI, whose veracity was not challenged. Additionally, in *Dukeman*, the police further corroborated the CIs' information by surveilling Dukeman's residence, which confirmed vehicle traffic consistent with drug trafficking.

Likewise is the Commonwealth's reliance on *Commonwealth v. Gutierrez*, 969 A.2d 584 (Pa. Super. 2009), and *Commonwealth v. Gindlesperger*, 706 A.2d 1216 (Pa. Super. 1997), misplaced. In *Gutierrez*, a warrant was upheld where the CI's input had led to the arrest and conviction of more than twenty-five other persons. Moreover, the police corroborated the CI's information with a controlled buy at the address that was the subject of the warrant in question. In contrast, here, the CI was far less demonstrably reliable and the police did not conduct a controlled buy to corroborate the CI's information.

By contrast, in *Gindlesperger*, a CI witnessed marijuana plants being grown in the subject premises and was stated by police to have provided reliable information in the past that would result in multiple arrests at some unspecified time in the future. The affidavit provided no names or other

details as to the allegedly impending arrests.  Upon review, this Court vacated the judgment of sentence, finding that under the totality of the circumstances, the reliability of the CI was not established.  If anything, the facts in **Gindlesperger** are akin to those in the matter *sub judice*; while the CI personally observed drug activity at the Manuels' residence, his reliability is based solely on a single arrest not yet leading to a conviction.

We are cognizant that there is no "magic number" of arrests or convictions for which a CI need previously have provided information to be deemed reliable.  **See Clark**, 28 A.3d at 1292 ("[T]here is no talismanic recitation of a particular phrase with respect to 'reliability' or 'basis of knowledge' that will either be required or will suffice to conclusively establish, or conclusively disaffirm, the existence of probable cause.").  We are also mindful of the fact that we are not to consider the various factors in a mechanical fashion, but rather assess the totality of the circumstances in a common-sense manner.  **See Commonwealth v. Smith**, 784 A.2d 182, 187 (Pa. Super. 2001) (pursuant to "totality of circumstances" test, task of issuing authority is to make practical, common-sense decision whether, given all circumstances set forth in affidavit, there is fair probability that contraband or evidence of crime will be found in particular place).  Accordingly, the fact that the CI had previously provided information leading only to one unadjudicated arrest does not automatically render the affidavit lacking in probable cause.

For example, where, as here, a CI's tip provides inside information,[4] police corroboration of the inside information can impart additional reliability to the tip. *See id.* at 188. Here, however, the lack of any meaningful follow-up investigation by the police to secure true corroboration of such inside information leads us to conclude that, under the totality of the circumstances, the affidavit did not establish probable cause.

Upon receiving the information from the CI, police failed to conduct any investigation that might have yielded corroboration of information unavailable to the public at large and, as a result, bolstered the reliability of the CI's tip. Police neither arranged for the CI to conduct a controlled buy at the premises nor performed any type of photographic or electronic surveillance. Nor did they conduct a trash pull. Rather, Officer Hoover merely ran searches through PennDOT that established that Timothy Manuel resided at the Pleasant Grove Residence and that Charles Manuel registered a car at that address. This generally available information was not corroborative of the CI's information.[5]

_____

[4] "Inside information" by necessity must be the type of information *not* available in the public domain.

[5] The trial court essentially conceded that the facts contained in the affidavit of probable cause were thin. *See* Trial Court Opinion (Case No. 7222-2014), 7/16/15, at 7 ("[W]e agreed, and still do agree, to some extent with the Appellant[s'] arguments[.]"). Nevertheless, the court found probable cause, based largely on its belief that the corroborative information obtained by the police was sufficient to impart an indicia of reliability to the CI. However, as noted above, the information obtained by the police did not confirm any of the CI's alleged inside information, but was readily obtainable. Accordingly, the "corroboration" that convinced the trial court of the affidavit's sufficiency is of no moment.

This Court's decision in **_Commonwealth v. Chatman_**, 418 A.2d 582 (Pa. Super. 1980) (en banc), supports our conclusion. There, a CI provided police with information regarding the storage and sale of heroin from an address in Wilkinsburg. Relevant to our inquiry, the affidavit of probable cause included the following information regarding the CI's reliability:

> The affiant received information from a reliable informant who in the past has been very knowledgeable about the narcotics traffic in the Wilkinsburg area[.] This informant has given information in the past which led to the arrest of Curtis Williams and Earl Montel.

**_Id._** at 583. The trial court suppressed the evidence obtained pursuant to the search warrant issued on the basis of the information supplied by the CI. On appeal, the sole issue was whether "the averment that the informant's prior information led to the arrests of certain named individuals is sufficient to establish the informant's credibility." **_Id._** An equally divided panel of this Court affirmed the decision of the trial court, concluding that:

> An affidavit, such as in the case at bar, which merely states that the informer supplied prior information leading to the arrest of two individuals, cannot suffice to establish credibility because there is no indication that the "information proved to be correct." In other words, as Professor LaFave has explained: "(t)he mere statement that the police decided to arrest because of what this informant said on a prior occasion does not indicate whether that decision was lawful or whether anything learned incident to or following the arrest verified what the informant had said." 1 W. R. LaFave, Search and Seizure: A Treatise on the Fourth Amendment § 3.3, at 514 (1978). For all that appears in the instant affidavit, [the individuals arrested as a result of the informant's information] may have been acquitted and the information furnished against them by the informant may have proven totally false. On the other hand, it may be that prosecutions were pending against

- 14 -

> [them], or that the prosecutions were dismissed for reasons unrelated to the veracity of the informant's information. **Whatever the case may be, the critical fact is that the unadorned assertion that the informant previously supplied information which prompted arrests leaves the magistrate "intellectually crippled in terms of making the informed judgment contemplated by the fourth amendment**." Moylan, [*Hearsay and Probable Cause: An Aguilar and Spinelli Primer*, 25 Mercer L.Rev. 741, 759 (1974)].

*Id.* at 585 (emphasis added). Likewise, here, the fact that the CI previously provided information which led to a single arrest – the details of which do not appear in the affidavit – is insufficient to establish the CI's credibility, particularly as there is no indication that the information ultimately proved to be correct. ***See id. See also Gindlesperger***, ***supra*** (reliability of CI not established where affidavit stated CI provided information that "will lead" to future arrests and contained no details as to prior information supplied by CI).

Here, the totality of the circumstances, as presented in Officer Hoover's affidavit, fell far short of establishing probable cause. The affidavit itself is largely comprised of information that is irrelevant under the circumstances of this case. For example, Officer Hoover writes extensively of her training and experience, but did not use that training and experience to do anything more than conduct a search of PennDOT's records. Pared down to its relevant essentials, the affidavit of probable cause actually amounted to no more than the following facts: A person that Officer Hoover knows told her that, within the last 72 hours, he was in a residence confirmed by Officer Hoover to belong to Appellants and, while there, the person saw live and packaged marijuana, as well as accessories for the cultivation thereof. These facts, alone, do not

form a substantial basis for concluding that probable cause existed. **See Gates**, **supra**. Rather, the information indicates the need for further investigation, which Officer Hoover did not undertake.

In sum, we simply do not believe that the CI's reliability was adequately established by an averment that he provided a tip leading to one still-pending prosecution, details of which were not included in the affidavit of probable cause. Without something more, the affidavit of probable cause contained insufficient information to "reduce[] the chances of a reckless or prevaricating tale," and provide "a substantial basis for crediting the [CI's] hearsay." **Otterson**, **supra**. As such, the trial court erred in finding the warrant to be supported by probable cause.

Judgments of sentence reversed.

P.J.E. Bender, Judge Panella, Judge Dubow and Judge Kunselman join this Opinion.

Judge Stabile files a Dissenting Opinion in which Judge Shogan, Judge Olson and Judge Murray join.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/23/2018