J-S01003-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HYSHAUN LATIQUE HUDSON | : | |
| | : | |
| Appellant | : | No. 1262 MDA 2018 |

Appeal from the Judgment of Sentence Entered July 7, 2018
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0004560-2016

BEFORE: PANELLA, P.J., MURRAY, J., and PELLEGRINI*, J.

MEMORANDUM BY PANELLA, P.J.: **FILED JUNE 28, 2019**

Hyshaun Latique Hudson appeals from the judgment of sentence entered in the York County Court of Common Pleas following his conviction of possession with intent to deliver and illegal possession of firearms. Hudson challenges the trial court's denial of his pre-trial motion to suppress as well as the sufficiency of the evidence supporting his conviction for illegally possessing a firearm. Upon careful review, we affirm.

On May 18, 2016, Detective Scott Nadzom of the York City Police Department submitted an application to a magisterial district judge for a warrant to search a residence located at 138 Hamilton Avenue in York,

_____

* Retired Senior Judge assigned to the Superior Court.

Pennsylvania. In support of his request, Detective Nadzom attached an

affidavit of probable cause, which provided, in relevant part, as follows:

> The undersigned is Det. Scott Nadzom who has been a police officer with the York City Police for the last 21 years and I am currently assigned to the Vice & Narcotics Unit of the York City Police Department. I have been involved in or associated with over a thousand drug investigations.
>
> During May 2016 I received information from a reliable informant that a black male drug dealer who the informant knows as "Big Shaun" is currently residing at 138 Hamilton Ave. in York City. The informant told me that "Big Shaun" is storing large amounts of marijuana inside his residence for future sales as well as selling different pre-packaged amounts of marijuana from his residence to other individuals. The informant also states that "Big Shaun" drives a white colored Buick SUV which he usually parks in front of his residence at 138 Hamilton Ave.[]
>
> *****
>
> The informant is a multi-drug user/seller who is familiar with how marijuana is used, packaged and sold in York County. The informant should be considered reliable due to the fact the informant has supplied police with information in the past which proved to be true and correct. From this information, police arrested and convicted at least two individuals for committing felony drug offenses in York City where marijuana, cocaine, heroin and cash were seized from those arrests.
>
> *****
>
> Based on the above information, I am requesting a search warrant for 138 Hamilton Ave. and any curtilage associated with the listed address in York City in order to search for additional amounts of marijuana. Also, I request to search all persons present at the time of the search warrant to prevent the destruction of evidence due to my 21 years of police training, investigations and experience that a person can easily conceal marijuana on their person to be destroyed at a later time.

Affidavit of Probable Cause, 5/18/19. Upon consideration of this application, the district judge issued the requested search warrant. Detective Nadzom and a team of police officers executed the warrant the following day.

Hudson was charged with possessing marijuana with intent to deliver and illegal possession of firearms[1] following the execution of the search warrant. Prior to trial, Hudson filed a motion to suppress, arguing that the underlying affidavit was not supported by probable cause. After holding a hearing on Hudson's motion, the trial court denied the motion upon concluding Detective Nadzom's confidential informant was reliable enough to establish probable cause for the search.

Hudson's case proceeded to a bench trial on May 30, 2017. The Commonwealth's affiant, Detective Nadzom, testified that he, along with a team of police, executed a search warrant on Hudson's residence on May 19, 2016. *See* N.T., Bench Trial, 5/30/17, at 11. During the search of the residence, police recovered multiple Ziploc bags containing marijuana, a digital scale, packaging materials, a measuring cup with marijuana residue, and mail addressed to Hudson in a second floor bedroom. *See id*., at 15-20. Police also recovered a loaded Taurus Millennium 9mm handgun inside a plastic tote in the closet of that bedroom. *See id*., at 14.

---

[1] 35 Pa.C.S.A. § 780-113(a)(30) and 18 Pa.C.S.A. § 6105(a)(1), respectively.

Hudson was not present when the police first arrived but returned to the residence at Detective Nadzom's request. **See id**., at 22. When questioned by Detective Nadzom, Hudson admitted that the marijuana found in the second floor bedroom belonged to him. **See id**. Further, Hudson admitted to staying in the second floor bedroom whenever he spent the night at the residence. **See id**., at 24. However, while he admitted his fingerprints would be found on the handgun because he moved it from a shoe to a plastic tote in the closet the previous day, he denied ownership of the gun. **See id**., at 23-24, 30. Detective Nadzom testified that the handgun was registered to Hudson's girlfriend Corrina Greer. **See id**., at 31.

Hudson testified on his own behalf at trial. Hudson explained that he and Greer were cleaning the second floor bedroom the day prior to the search when he came across her handgun in a tennis shoe. **See id**., at 49. Worrying that one of their children would come across the handgun, Hudson removed it from the shoe and requested Greer store it in a safer location. **See id**., at 49-51. The parties stipulated Hudson was prohibited from possessing a firearm due to a prior conviction. **See id**., at 6.

Following the close of evidence, the trial court found Hudson guilty of the above offenses. On July 7, 2017, the court sentenced Hudson to an aggregate term of five to ten years' incarceration. This timely appeal follows.

On appeal, Hudson raises the following issues:

1. Whether the trial court erred in denying the motion to suppress evidence where the application for a search warrant and

attached affidavit of probable cause lacked sufficient probable cause by failing to establish the veracity and reliability of the confidential informant and lacked independent police corroboration of criminal activity, in violation of the Fourth and Fourteenth Amendments to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution?

2. Whether the trial court erred when it found the evidence presented by the Commonwealth at trial was sufficient to sustain a verdict of guilty of person[s] not to possess a firearm?

Appellant's Brief, at 5 (unnecessary capitalization omitted). We will consider these issues in turn.

Our standard of review of the sufficiency of probable cause underlying a search warrant is well settled.

[The] reviewing court is not to conduct a *de novo* review of the issuing authority's probable cause determination, but is simply to determine whether or not there is substantial evidence in the record supporting the decision to issue a warrant …. In so doing, the reviewing court must accord deference to the issuing authority's probable cause determination, and must view the information offered to establish probable cause in a commonsense, non-technical manner.

***Commonwealth v. Gagliardi***, 128 A.3d 790, 794 (Pa. Super. 2015) (citation omitted). "If a substantial basis exists to support the magistrate's probable cause finding, [the suppression court] must uphold that finding even if a different magistrate judge might have found the affidavit insufficient to support a warrant." **Id**., at 795 (citations omitted).

Instantly, Hudson contends that the affidavit of probable cause was insufficient solely because Detective Nadzom failed to establish either the veracity of the confidential informant or the accuracy of the confidential

informant's information through an independent police investigation. **See** Appellant's Brief, at 13-16.

In discerning whether probable cause exists, the issuing authority cannot consider evidence outside of the four corners of the affidavit of probable cause. **See Commonwealth v. Ryerson**, 817 A.2d 510, 513 (Pa. Super. 2003). "A determination of probable cause based upon information received from a confidential informant depends upon the informant's reliability and basis of knowledge viewed in a common sense, non-technical manner." **Commonwealth v. Clark**, 28 A.3d 1284, 1288 (Pa. 2011)." "An informant's tip may constitute probable cause where police independently corroborate the tip, or where the informant has provided accurate information of criminal activity in the past, or where the informant himself participated in the criminal activity." **Id**. "Under the totality-of-the-circumstances approach, there is no talismanic recitation of a particular phrase with respect to 'reliability' or 'basis of knowledge' that will either be required or will suffice to conclusively establish, or conclusively disaffirm, the existence of probable cause." **Id**., at 1292.

Recently, in **Commonwealth v. Manuel**, 194 A.3d 1076 (Pa. Super. 2018) (*en banc*), an *en banc* panel of this Court examined the sufficiency of an affidavit of probable cause supported only by information received from a confidential informant. In **Manuel**, the Commonwealth asserted that its confidential informant, who had previously provided information leading to an arrest, was reliable enough to establish probable cause for the issuance of a

warrant. **See id**., at 1084. However, because an arrest, by itself, does not necessarily indicate accurate information of criminal activity, the Court determined that providing information leading to an arrest is insufficient to establish a confidential informant's reliability. **See id**., at 1086. Therefore, because the police did not independently investigate this information, the Court determined that the search warrant in question was not supported by probable cause. **See id**., at 1086-1087.

Hudson asserts the affidavit in his case is similar enough to the affidavit deemed insufficient in **Manuel** to require the same result. However, in drawing this comparison, Hudson downplays the main distinguishable feature between the affidavits: that the confidential informant in his case had previously provided information leading to two *convictions*. **See** Affidavit of Probable Cause, 5/18/16. Unlike arrests, convictions *do* indicate that the information provided by a confidential informant was accurate information of criminal activity. As "an informant's tip may constitute probable cause … where the informant has provided accurate information of criminal activity in the past," we conclude that Detective Nadzom sufficiently indicated the reliability of his confidential informant in the affidavit of probable cause. **Clark**, 28 A.3d at 1288. Therefore, Hudson's first challenge to the affidavit of probable cause fails. Further, because an independent police investigation of a confidential informant's claims is only vital to establish probable cause where the affidavit does *not* establish the reliability of the confidential informant, Hudson's second attack on the sufficiency of the affidavit also fails. **See**

*Commonwealth v. Sanchez*, 907 A.2d 477, 488 (Pa. 2006) (additional citation omitted) ("[I]nformation received from an informant whose reliability is not established may be sufficient to create probable cause where there is some independent corroboration by police of the informant's information").

Next, Hudson challenges the sufficiency of the evidence underlying his conviction for illegally possessing a firearm. Our standard of review for a challenge to the sufficiency of the evidence is to determine whether, when viewed in a light most favorable to the verdict winner, the evidence at trial and all reasonable inferences therefrom are sufficient for the trier of fact to find that each element of the crimes charged is established beyond a reasonable doubt. *See Commonwealth v. Dale*, 836 A.2d 150, 152 (Pa. Super. 2003). "The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence." *Commonwealth v. Bruce*, 916 A.2d 657, 661 (Pa. Super. 2007) (citation omitted).

"The facts and circumstances established by the Commonwealth need not preclude every possibility of innocence." *Id*. (citation omitted). "As an appellate court, we do not assess credibility nor do we assign weight to any of the testimony of record." *Commonwealth v. Kinney*, 863 A.2d 581, 584 (Pa. Super. 2004) (citation omitted). Thus, we will not disturb the verdict "unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances." *Bruce*, 916 A.2d at 661 (citation omitted).

"To sustain a conviction for the crime of persons not to possess a firearm, the Commonwealth must prove that [an appellant] possessed a firearm and that he was convicted for an enumerated offense that prohibits him from possessing, using, controlling, or transferring a firearm." ***Commonwealth v. Miklos***, 159 A.3d 962, 967 (Pa. Super. 2017) (internal quotation marks and citation omitted). Hudson does not contest that he was convicted of an enumerated offense that prohibits him from possessing a firearm. ***See*** N.T., Bench Trial, 5/30/17, at 6. Therefore, our focus is on whether the Commonwealth proved Hudson "possessed a firearm."

Because Detective Nadzom did not find Hudson in actual possession of a firearm, the Commonwealth was required to establish Hudson constructively possessed the firearm. To establish constructive possession of contraband, the Commonwealth must show that the defendant had "conscious dominion" over the contraband, that is, "the power to control the contraband and the intent to exercise that control." ***Commonwealth v. Brown***, 48 A.3d 426, 430 (Pa. Super. 2012) (citation omitted). The "intent to maintain a conscious dominion may be inferred from the totality of the circumstances," and "constructive possession may be found in one or more actors where the item in issue is in an area of joint control and equal access." ***Commonwealth v. Johnson***, 26 A.3d 1078, 1094 (Pa. 2011) (citations and brackets omitted).

Here, the firearm was located in a plastic bin in the closet of a bedroom on the second floor. ***See*** N.T., Bench Trial, 5/30/17, at 14. Hudson admitted that this was his bedroom. ***See id***., at 24. This statement was supported by

evidence of mail and prescription bottles addressed to Hudson in that particular bedroom. *See id*., at 15-20. Detective Nadzom's testimony established that Hudson was aware that the handgun was located in his closet because he moved it to a plastic tote the previous day. *See id*., at 24. Further, while Hudson denied ownership of the handgun, he admitted that his fingerprints would be found on the weapon. *See id*., at 23-24. Based upon the totality of the circumstances, this evidence supported a finding beyond a reasonable doubt that Hudson constructively possessed the weapon. The gun was located in Hudson's bedroom in a location he admits to having accessed the day before the execution of the search warrant. Hudson's final issue on appeal merits no relief.

Judgment of sentence affirmed.

Judge Murray joins the memorandum.

Judge Pellegrini concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/28/2019