J-S09036-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JERRY L. RITCHEY JR. | : | |
| | : | |
| Appellant | : | No. 1036 WDA 2022 |

Appeal from the Judgment of Sentence Entered August 10, 2012
In the Court of Common Pleas of Clearfield County
Criminal Division at No(s):  CP-17-CR-0000747-2011

BEFORE:  BENDER, P.J.E., BOWES, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:              **FILED:  October 24, 2023**

Jerry L. Ritchey, Jr. ("Ritchey") appeals *nunc pro tunc* from the judgment of sentence imposed following his convictions for burglary, criminal trespass, theft by unlawful taking or disposition, and criminal mischief.[1]  We affirm.

The trial evidence showed that Pennsylvania State Police (the "PSP") became aware of information that implicated Ritchey in the commission of a series of commercial burglaries in multiple counties.  **See** N.T., 6/26/12, at 83-85, 167-69.  In July 2011, after obtaining a court order, the PSP installed a mobile global positioning satellite ("GPS") tracking device on a Mazda ("the car") Ritchey operated.  **See id**. at 132-40, 169.

---

[1] **See** 18 Pa.C.S.A. §§ 3502, 3503, 3921, 3304.

Between 4:00 p.m. on July 20, 2011, and 6:30 a.m. on July 21, 2011, unauthorized entry was made in three separately secured commercial businesses and one separately secured government office on or near Route 322, and the police found distinctive four-arrow-tread shoeprints found at each location. Each office had been ransacked and damaged and money was taken from two of the locations. *See* N.T., 6/25/12, at 35-41, 49-58, 63, 70-80, 87-94, 98-99, 110-13, 122-26.

GPS data showed Ritchey's car had stopped for two and one-half hours in the immediate area of two of the burglarized commercial properties at approximately 11:30 p.m. on July 20, 2011, for nearly an hour in the vicinity of the third burglarized commercial property at 2:45 a.m. on July 21, 2011, and for forty minutes at 4:07 a.m. that morning in the vicinity of the burglarized government business. *See* N.T., 6/25/12, at 171, 174-76, 185-90, 194. A trooper saw Ritchey driving his car in the area of the burglaries. *See* N.T., 6/26/12, at 33-44, 60, 80, 82. Another trooper followed Ritchey returning to his home in the early hours of July 21, 2011, and saw him get out of the car on the block where he lived and take something out of his back seat. *See id*. at 65-66, 72-73; N.T. 6/25/12, at 196-98, 206.

Video evidence showed Ritchey in multiple convenience stores near the burglary scenes hours before the crimes;[2] additional video evidence showed Ritchey buying water shoes with a four-arrow tread pattern two months before the crimes, a pattern troopers found at all four burglarized buildings. **See** N.T., 6/26/12, at 97-98, 104-05, 148-56. After being arraigned, Ritchey approached a trooper and asked, "[I]f a person was to commit these 80 to 100 crimes . . . would it be better for that person to get that out in the open all at once?" **See id**. at 108. When told it would, Ritchey responded, "Sorry guys, I can't." **See id**. at 109, 127-30.[3]

At trial, the jury convicted Ritchey of all charges, and the court imposed an aggregate sentence of four to sixteen years of imprisonment.

Following a direct appeal and lengthy post-conviction proceedings, this Court reinstated Ritchey's appellate rights. **See Commonwealth v. Ritchey**, No. 1318 WDA 2018 (Pa. Super., July 1, 2019). On remand, the trial court permitted Ritchey to file counseled post-sentence motions, which the trial court then denied. Ritchey filed a notice of appeal, and he and the trial court complied with Pa.R.A.P. 1925.

---

[2] When interviewed on July 27, 2011, Ritchey denied that he had been in the Route 322 area on the night of the burglaries. **See** N.T, 6/26/12, at 107-08.

[3] Ritchey was later convicted of a series of late-night commercial burglaries in Venango County, and this Court affirmed his judgment of sentence. **See Commonwealth v. Ritchey**, No. 96 WDA 2014 (Pa. Super., June 17, 2015) (unpublished memorandum).

- 3 -

On appeal, Ritchey raises the following issues for our review:

1. Whether the trial court erred in denying [Ritchey's] Omnibus Pre-Trial Motion to Suppress GPS Tracking Information where:

    a.) the issuing county (Allegheny County) lacked jurisdiction pursuant to 18 Pa.C.S.[A.] § 5761?

    b.) the warrant authorizing use of the GPS tracking device was based on a reasonable suspicion standard or otherwise lacked probable cause to establish [Ritchey] was engaged in criminal activity at the time the warrant was issued?

2. Whether there was sufficient evidence to sustain a conviction of [Ritchey] of burglary and criminal trespass when there was insufficient evidence to establish [Ritchey] entered the buildings/property of each victim?

3. Whether there was sufficient evidence to convict [Ritchey] of theft where [Ritchey] was never found to be in control/possession of any property taken from the victims?

*See* Ritchey's Brief at 3-4.

Ritchey first raises related issues concerning the denial of his motion to suppress the GPS tracking information.

Our standard of review of a challenge to a trial court's denial of a suppression motion is limited to determining whether the court's findings of fact are supported by the record and the legal conclusions drawn from those facts are correct. *See Commonwealth v. Thomas*, 273 A.3d 1190, 1195 (Pa. Super. 2022). This Court may only consider the evidence of the prosecution and so much of the defense evidence as remains uncontradicted when read in the context of the record. *See id*. It is the suppression court's sole province as fact-finder to pass on the credibility of witnesses and the

weight to give their testimony. *See id*. When the record supports the suppression court's factual findings, we are bound by those facts and may reverse only if the court erred in reaching its legal conclusions from those facts. *See Commonwealth v. Williams*, 941 A.2d 14, 27 (Pa. Super. 2008) (*en banc*).

Our scope of review is limited to the evidentiary record at the hearing on the pre-trial suppression motion. *See Commonwealth v. Carey*, 249 A.3d 1217, 1223 (Pa. Super. 2021). Where an appellant asserts legal error in a suppression court's ruling, it is this Court's duty to determine if the suppression court properly applied the law to the facts. *See id*. at 7.

Ritchey asserts that the statute authorizing mobile tracking devices, 18 Pa.C.S.A. § 5761, was amended after the court authorized the placement of the GPS device, and, under the amended version of the statute ("the amended statute"), the Allegheny County court lacked jurisdiction to issue the warrant for the GPS device. Ritchey also asserts the Commonwealth was required to establish probable cause, as the amended statute requires, not reasonable suspicion as the statute previously required, and failed to do so.[4]

---

[4] The amended statute provides: "Orders permitted by this section may authorize the use of mobile tracking devices if the device is installed and monitored within this Commonwealth. The court issuing the order must have jurisdiction over the offense under investigation." *See* 18 Pa.C.S.A. § 5761(b) (effective December 24, 2012). The prior version of the statute provided: "Orders permitted by this section may authorize the use of mobile tracking devices within the jurisdiction of the court of common pleas, and outside that

*(Footnote Continued Next Page)*

Regarding Ritchey's jurisdictional claim, the trial court rejected his assertion that the Allegheny County Court of Common Pleas lacked jurisdiction to issue the warrant in question, which it analyzed under the amended statute. The trial court cited this Court's previous decision in Ritchey's appeal from a series of Venango County sentences. This Court held that that Allegheny County **did** have jurisdiction to obtain the warrant under the amended statute. **See** Trial Court Opinion, 10/3/22, at 6, citing **Ritchey**, No. 96 WDA 2014.

We agree with this Court's previous finding that Ritchey's jurisdictional claim under the amended statute lacks merit. In relevant part, this Court found that Allegheny County retained jurisdiction to issue the warrant notwithstanding the statute's amendment:

> Under the amendment, the "court issuing the order must have jurisdiction over the offense under investigation." 18 Pa.C.S.A. § 5761(b).
>
> > Controversies arising out of violations of the Crimes Code are entrusted to the original jurisdiction of the courts of common pleas for resolution. **See** 18 Pa.C.S.A. § 102. Every jurist within that tier of the unified judicial system is competent to hear and decide a matter arising out of the Crimes Code. Pa. Const. Art. 5, § 5 (establishing the jurisdiction of the courts of common pleas within the unified judicial system).

---

jurisdiction, if the device is installed within the jurisdiction of the court of common pleas." **See** 18 Pa.C.S.A. § 5761 (b) (effective December 8, 2008).

To the extent Ritchey challenges the constitutionality of the former version of the statute, while simultaneously asserting the application of the amended statute, we decline to address the constitutionality of a statute not before us.

*See Ritchey*, No. 96 WDA 2014 at 2 n.1. Thus, there is no merit to Ritchey's jurisdictional claim under the amended statute.

Ritchey's next assertion that the warrant failed to provide probable cause as the amended statute requires is similarly meritless.[5] Probable cause requires the trial court to make a practical, commonsense decision whether all the facts and circumstances provide a "fair probability" that evidence of a crime will be found in a particular place, considering the veracity and basis of knowledge of the affiant. *See Commonwealth v. Burgos*, 64 A.3d 641, 655 (Pa. Super. 2013). *See also District of Columbia v. Wesby*, 583 U.S. 48, 61 (2018) (probable cause does not require ruling out an innocent explanation for suspicious facts).

The trial court stated the Venango County Court of Common Pleas properly found that the affidavit, the same one at issue in this case, rose not only to the level of reasonable suspicion but also to "the necessary level of probable cause." *See* Trial Court Opinion, 10/3/22, at 6.

Here, a Pennsylvania State Police corporal with over twenty years of experience investigating hundreds of violations of the Pennsylvania Crimes Code resulting in arrests, convictions, and seizures of evidence, prepared the

---

[5] Although a defendant is not generally entitled to the retroactive application of a statute, *see* 1 Pa.C.S.A. §1926, this Court held in *Commonwealth v. Burgos*, 64 A.3d 641 (Pa. Super. 2013), that under the version of the GPS statute that existed when the Allegheny County court approved the GPS tracking device, the police were required to have probable cause to do so. *See id*. at 651.

- 7 -

affidavit. He specified several articulable facts supporting probable cause to install the GPS tracker. He recited that between December 23, 2010 and July 10, 2011, twenty-nine night-time commercial burglaries had been committed in Venango County by forced entry. The trooper averred Ritchey had a history of theft convictions. Ritchey was also a suspect in a Clarion County burglary of a commercial property in January 2011 where police found tire tracks matching the tires on his car. On July 1, 2011, a burglary was committed at 84 Lumber in Clarion Borough between 2:23 a.m. and 2:53 a.m., and the burglar stole money. An employee of 84 Lumber told police Ritchey had visited the business for half an hour the day before. The police found shoe prints similar to those found at other commercial burglary sites. Electronic surveillance revealed that Ritchey's car drove from the location of the 84 Lumber burglary toward his home at 3:10 a.m., seventeen minutes after the burglary. **See** Affidavit of Specific Articulable Facts, 7/08/21.

We conclude that the affidavit established the requisite probable cause for the attachment of the GPS device. It established a fair probability that a GPS device placed on Ritchey's car would establish evidence of a crime. Thus, Ritchey's suppression claim is without merit. **See Burgos**, 64 A.3d at 655.[6]

_____

[6] Ritchey does not offer relevant case law to support his claim that probable cause was lacking, instead he offers only argument that others might have had criminal histories, his tires were not scientifically proven to match those at the crime scene, and others may have been driving near the burglarized locations. **See** Ritchey's Brief at 10-11. Under the "fair probability" standard,
*(Footnote Continued Next Page)*

Ritchey's second and third issues implicate the sufficiency of the evidence. He asserts that the Commonwealth failed to present sufficient evidence to prove he committed burglary and criminal trespass because the evidence failed to prove that he entered each victim's buildings or occupied structures, and insufficient evidence of theft because no evidence showed his possession of any of the victims' property.[7]

A jury convicted Ritchey of all the burglary, trespass, and other charges against him. When reviewing a sufficiency of the evidence claim, an appellate court determines whether the evidence, viewed in the light most favorable to the Commonwealth as the verdict winner, and with all reasonable inferences therefrom, is sufficient to establish every element of the offense beyond a reasonable doubt. *See Commonwealth v. Haney*, 131 A.3d 24, 33 (Pa. 2015). The Commonwealth may sustain its burden of proof by means of wholly circumstantial evidence. *See Commonwealth v. Williams*, 255 A.3d 565, 578 (Pa. Super. 2021).

A person commits burglary when, *inter alia*, he enters a building or occupied structure in which no person is present with the intent to commit a

---

such detailed investigative tools are not required to establish probable cause. *See Commonwealth v. Manuel*, 194 A.3d 1076, 1081 (Pa. Super. 2018) (stating that an affidavit of probable cause to support a search warrant does not require a *prima facie* showing of criminal activity).

[7] Ritchey does not challenge the sufficiency of the evidence supporting his criminal mischief convictions.

crime therein. *See* 18 Pa.C.S.A. § 3502. A person commits criminal trespass when knowing he is not licensed or privileged to do so, he breaks into any building or occupied structure or separately secured or occupied portion thereof. *See* 18 Pa.C.S.A. § 3503(a)(1)(ii). A person commits theft by unlawful taking if he takes, or exercises control over, movable property of another with intent to deprive him thereof. 18 Pa.C.S.A. § 3921(a).

Sufficient evidence to sustain Ritchey's burglary, theft, and criminal trespass convictions was demonstrated by the presence of shoe prints at all four burglarized locations consistent with the prints on the water shoes Ritchey bought, the presence of Ritchey's vehicle for prolonged periods of time in the immediate location of all four burglarized businesses, a trooper's observation of Ritchey driving in the area of the burglaries and Ritchey's evasive actions to avoid being followed, and Ritchey's observation arriving home in the early morning hours after the burglaries and taking something from the back of his car. The court rejected Ritchey's sufficiency claim noting that the circumstantial evidence was sufficient to show that he was the only person who could have taken the money. *See* Trial Court Opinion, 10/3/22, at 7-10.

Under the applicable standard of review, we find no error in the trial court's conclusion that Ritchey entered the burglarized properties and committed the charged burglaries, thefts, and criminal trespasses, including taking money from two of them. *See Williams*, 255 A.3d 578. Additionally, Ritchey's lie to police that he was not in the Route 322 area at the time of the

burglaries, and his volunteered hypothetical question to police after his arraignment about whether it would be better for a person to admit to multiple crimes all at once provided strong evidence of his consciousness of guilt. ***See Commonwealth v. Ward***, 188 A.3d 1301, 1305 (Pa. Super. 2018) (stating that lies are evidence of consciousness of guilt). Thus, Ritchey's sufficiency arguments merit no relief.

For the foregoing reasons, we affirm Ritchey's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

10/24/2023~~10/24/2023~~