J-S43011-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ZAIRE R. CRAWFORD | : | |
| | : | |
| Appellant | : | No. 2845 EDA 2023 |

Appeal from the Judgment of Sentence Entered September 27, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010070-2021

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ZAIRE R. CRAWFORD | : | |
| | : | |
| Appellant | : | No. 2846 EDA 2023 |

Appeal from the Judgment of Sentence Entered September 27, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0010075-2021

BEFORE: KUNSELMAN, J., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY KUNSELMAN, J.: **FILED FEBRUARY 11, 2026**

Zaire Crawford appeals from the judgment of sentence entered after he was convicted of murder and related crimes in two cases. He challenges the denial of his motion to suppress evidence. We affirm.

This appeal concerns Crawford's pretrial motion to suppress evidence, specifically the contents of a black iPhone police searched pursuant to a warrant. In his motion, Crawford contended that the search warrant "was not

supported by probable cause within the four corners of the warrant and supporting affidavit." Motion, 12/8/22, at 3. Crawford argued that one sentence, emphasized below in the attached affidavit, was conclusory and did not provide a substantial basis for the issuing authority to find probable cause:

> On 6/2/21 at approximately 12:08 pm, 22nd District officers responded to 2046 N 20th St for a report of a shooting. Upon their arrival at that location, they located a shooting victim. The victim was suffering from gunshot wounds to his legs. This male was transported to Temple Hospital where he was listed in stable condition. A crime scene was located and secured in front of 2046 N 20th St. [] Members of Central Detective Division responded to the crime scene. The scene, which consisted of six 9 MM fired cartridge casings, two projectiles and blood, was photographed and sketched for accuracy. The ballistic evidence was recovered and placed on a property receipt. Video surveillance footage, which captured this shooting, was recovered. The video shows the victim in the doorway of 2046 N 20th St when a newer model black Toyota Camry slows down in front of 2046 N 20th St. The victim is observed running into the property and the vehicle flees south on 20th St.
>
> **Based on interviews and photographs shown, Zair[e] Crawford was developed as a suspect in the shooting.**
>
> On 6/3/21 at approximately 12:17 AM, 22nd District officers responded to the area of 1800 Diamond St. for a report of gunshots. [] Upon their arrival at that location, the officers discovered an auto accident involving three vehicles. One of the vehicles involved was a 2021 black Toyota Camry VIN# []. The officers noted that this vehicle was unoccupied and observed a bullet hole in the driver side door and blood inside the vehicle. While guarding this vehicle, the officers were notified that a male by the name of Zair[e] Crawford was at Presbyterian Hospital suffering from a gunshot wound to his right arm. Zair[e] Crawford was transported to Central Detective Division where he was formally interviewed on video. He stated in summary that on the listed day and time, he was inside his friend's vehicle in the area of 18th and Diamond St. when the vehicle that he was in was struck by gunfire. He stated that the vehicle was then involved in an auto accident on Diamond St. Search warrant #239887 was

conducted on the Toyota and two iPhones were recovered by Detectives. The complainant's mother was also receiving texts containing screenshots of males in front of her property with handguns aimed towards the front door. Based on those photos, witness Z.S. provided identifications and Instagram profiles of the suspects.

Your affiant is requesting a search warrant for IPhone 7 with a black rubber case recovered during the execution of Search warrant # 239887. Inside of the black rubber case is a PA ID card of Zair[e] Crawford. Based on the fact that he is [a] suspect of the above listed shooting that occurred on 2046 N 20th Street, your affiant believes there is probable cause to search this phone for call logs (incoming/outgoing), photos, videos, text messages, google history, social media, social messaging/ history, any indicators of ownership, phone number for phone and any other items that would deem evidentiary to this case.

***Id.***, Exhibit 1, at 2 (emphasis added).

The trial court heard Crawford's motion on December 14, 2022. The warrant and affidavit were admitted into evidence. After receiving argument, the trial court denied suppression.

The case proceeded to jury trial. Crawford was convicted of two counts each of murder of the first degree, conspiracy to commit murder, firearms not to be carried without a license, carrying firearms in Philadelphia, possession of firearm by a minor, and possession of an instrument of crime, as well as attempted murder and aggravated assault. On September 27, 2023, the trial court sentenced Crawford to an aggregate term of 35 years to life imprisonment.

Crawford timely appealed. Crawford and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Crawford presents one question on appeal: whether the trial court erred by denying his motion to suppress. He first argues the same issue he litigated before trial, that the affidavit attached to the search warrant did not establish probable cause to search the phone. Additionally, Crawford contends that the search warrant was overbroad and authorized police to search for items from an irrelevant date.

This Court, in reviewing the denial of a motion to suppress evidence, generally determines "whether the suppression court's factual findings are supported by the record" from the suppression hearing "and whether the legal conclusions drawn from those facts are correct." **Commonwealth v. Carey**, 249 A.3d 1217, 1223 (Pa. Super. 2021) (quoting **Commonwealth v. Harlan**, 208 A.3d 497, 499 (Pa. Super. 2019)). However, in the case of a probable cause challenge, there are no factual findings to review beyond the contents of the search warrant affidavit. **See Commonwealth v. Manuel**, 194 A.3d 1076, 1080–81 (Pa. Super. 2018). We thus apply the same legal standard as the suppression court to assess the validity of the warrant, *i.e.*, we determine if the issuing authority "had a substantial basis for concluding that probable cause existed." **Id.** at 1081 (quoting **Commonwealth v. Torres**, 764 A.2d 532, 537–38 (Pa. 2001)).

To apply this standard, "we must bear in mind" the principles that an issuing authority follows in its determination of probable cause:

> Before an issuing authority may issue a constitutionally valid search warrant, he or she must be furnished with information sufficient to persuade a reasonable person that probable cause

- 4 -

exists to conduct a search. The standard for evaluating a search warrant is a "totality of the circumstances" test as set forth in ***Illinois v. Gates***, 462 U.S. 213 (1983), and adopted in ***Commonwealth v. Gray***, 503 A.2d 921 (Pa. 1985). A magistrate is to make a "practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." The information offered to establish probable cause must be viewed in a common sense, nontechnical manner.

***Carey***, 249 A.3d at 1223–24 (quoting ***Manuel***, 194 A.3d at 1081) (citations altered).

We do not assess a warrant "*de novo*" but rather apply a deferential standard to the initial determination of probable cause. ***Id.*** at 1224 (citing ***Commonwealth v. Leed***, 186 A.3d 405, 413 (Pa. 2018)). "In keeping with the Fourth Amendment's strong preference for warrants, 'courts should not invalidate warrants by interpreting affidavits in a hyper-technical, rather than a commonsense, manner.'" ***Id.*** (ellipsis and brackets omitted).

Notably, neither an issuing authority nor a reviewing court can rely on "speculation or conjecture" as a substitute for probable cause. ***Leed***, 186 A.3d at 416. For example, in ***Commonwealth v. Johnson***, 240 A.3d 575 (Pa. 2020), a search warrant affidavit included no information that connected a suspect's cell phone to contraband that was near the suspect. Consequently, a plurality of our Supreme Court reasoned that there was no substantial basis for the issuing authority to find probable cause that any evidence would be on the phone. ***Id.*** at 587–90.

Here, Crawford argues about one sentence in the affidavit: "Based on interviews and photographs shown, Zair[e] Crawford was developed as a suspect in the shooting." This single sentence would not be a substantial basis to find probable cause that any evidence would be on his phone. However, we cannot evaluate probable cause on one sentence. Examining the affidavit as a whole, we note the remaining three paragraphs detail the shooting and investigation. Specifically, the issuing authority could find from the description that the "interviews" were with people who had firsthand knowledge of the events, "Z.S.," the victim's mother, and Crawford himself. Likewise, the issuing authority could find from the context that the "photographs shown" were the images the victim's mother received. Finally, the issuing authority could conclude that evidence would be on Crawford's phone because the victim's mother received "texts containing screenshots." Thus, we reach the same conclusion as the suppression court: the affidavit provided a substantial basis for the issuing authority to find probable cause.

As to Crawford's alternative challenges—that the search warrant was overbroad and allowed police to search for information from an irrelevant date—Crawford did not present these arguments to the suppression court, either in his motion or at the suppression hearing. Therefore, Crawford did not preserve these additional challenges to the validity of the search warrant for review. ***Commonwealth v. Smith***, 302 A.3d 123, 127–28 (Pa. Super. 2023) (concluding that an appellant waived a suppression argument that was not presented to the suppression court); ***see*** Pa.R.A.P. 302(a). Consequently,

we do not reach the merits of Crawford's distinct claims invoked for the first time on appeal.

Judgment of sentence affirmed.


Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: 2/11/2026